789 F.2d 624
 Fed. Sec. L. Rep. P 92,705
John W. LESS, John R. Less, Thomas J. Barta, Barry Faintich,
Kenneth A. Goldberg, W. Alfred Hayes, Jr., Thomas C.
Hullverson, Thomas Kolbrenner, Michael K. Lazeroff, W.
Stanley Walch, John F. Buck, Appellants,
v.
Ronald U. LURIE; Jernigan Oil Corporation; Steve Jernigan,
as Statutory Trustee for Jernigan Oil Corporation;
Brad Jernigan, as Statutory Trustee for
Jernigan Oil Corporation, Appellees.
 No. 85-1857.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 17, 1986.
Decided April 28, 1986.
 
 Alan Kimbrell, St. Louis, Mo., for appellants.
 Richard F. Huck, III, and Michael A. Fisher, St. Louis, Mo., for appellees.
 Before ARNOLD, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 ARNOLD, Circuit Judge.
 
 
 1
 The plaintiffs in this action allege that the antifraud provisions of the Securities Act of 1933, 15 U.S.C. Sec. 77(q), and Securities and Exchange Commission Rule 10b-5, implementing Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78j(b), were violated when defendant Ronald U. Lurie persuaded them to form a partnership for the purpose of investing in an oil drilling program of the now-dissolved Jernigan Oil Corporation (Jernigan), also a defendant in this case. The District Court dismissed the complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) on the grounds that plaintiffs' partnership interests were not securities under federal securities law and that plaintiffs have no standing to question the investment in the Jernigan project, since the purchase was made in the name of the partnership rather than in the names of the individual investors. Because we believe that plaintiffs have stated a claim for which relief can be granted, we reverse.
 
 I.
 
 2
 We begin with the allegations in plaintiffs' complaint, which for purposes of a motion to dismiss under Fed.R.Civ.P. 12(b)(6),[1] we must accept as true. Plaintiffs represent 11 of about 32 investors[2] who purchased interests in the Jernigan Oil Corporation 1980A Drilling Program through Ruler Associates (Ruler), a general partnership which plaintiffs allege was to be established under Oklahoma law to avoid registration under Missouri Blue Sky laws, Mo.Rev.Stat. Secs. 409.201 and 409.401(c). Each investor was required to make a minimum capital contribution of $10,000 and to purchase a $22,000 letter of credit from the Clayton Metro Bank naming Jernigan as beneficiary. The twelve were recruited for this investment in the summer and early fall of 1980 by Ronald U. Lurie, a St. Louis lawyer who also served as managing partner of Ruler, which was supposed to be formed pursuant to Oklahoma partnership law.
 
 
 3
 According to the complaint, Mr. Lurie told potential investors that two wells in the 1980A program were already producing so much oil that, with the investors' capital contributions, all present and future expenses of the project would be covered; that the letters of credit were "window dressing" and would not be called, nor would additional collateral be necessary to secure the letters; and that the investors were risking at most their initial investments, and would receive a return measuring three to five times those investments. Not only were these representations false, plaintiffs allege, but Mr. Lurie also failed to provide them with the prospectus prepared in connection with the 1980A program. That brochure stated that the letters of credit would be committed to obtain loans, which would be due at the end of 1982, and that investors would be personally committed to the repayment; that because of a variety of special provisions in the 1980A program structure, Jernigan and its affiliates would gain even if the wells were unprofitable, while investors were not guaranteed any profit even if the project were successful; that investors were subject to a mandatory assessment of up to 50 per cent. of their total subscription; and that Jernigan " 'had no prior experience in structuring and managing an oil and gas drilling program such as the one described herein.' " Second Amended Complaint p 18(g). The complaint also alleges that at the time Mr. Lurie persuaded plaintiffs to participate in Ruler, he was a director of Jernigan, a fact which was not disclosed to these investors.
 
 
 4
 According to the complaint, Mr. Lurie made these representations to plaintiffs (and failed to disclose the prospectus or his connection with Jernigan) in the summer and early fall of 1980. A copy of the partnership agreement attached to plaintiffs' first complaint states that Ruler Associates was formed August 15, 1980, and the partnership's interests in the 1980A program were purchased on or after September 29, 1980. For the next two years, Mr. Lurie continued to tell plaintiffs that they would receive a three- to five-fold return on their investments and that all the wells but one were producing oil, with some producing more than anticipated. After the letters of credit were called in July 1982, plaintiffs say that Mr. Lurie told them that the cash flow from the investment would cover the cost of the letters of credit. He did not tell them that he was a director of Clayton Metro Bank, which held the letters.
 
 
 5
 The interests in the 1980A Drilling Program are now without value, and Jernigan has been dissolved. Plaintiffs, who invested over $1,000,000, brought this lawsuit alleging eight pendent state claims as well as federal securities fraud.
 
 
 6
 The District Court dismissed the suit for failure to state a claim for which relief could be granted under Fed.R.Civ.P. 12(b)(6). The court first held that, contrary to plaintiffs' assertions in their complaint, their interests in Ruler were not securities under federal law. According to SEC v. W.J. Howey Co., 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946), such an interest is a security if it represents an investment in a common enterprise whose profits are to be derived solely from the efforts of a third person. Here, the District Court looked at the Ruler Associates partnership agreement and found that an interest in Ruler is "clearly not a security in that the holder of such an interest has the legal right to have a voice in the partnership decisions." Less v. Lurie, No. 84-1659C(2), slip op. at 6 (E.D.Mo. June 11, 1985).
 
 
 7
 There appears, however, to be no question that the interests in the 1980A program themselves were securities; nevertheless, the District Court also held that plaintiffs were without standing to sue for any potential federal securities law violations in connection with the Ruler purchase of those interests. In Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975), the Supreme Court held that those wishing to maintain a private action under Rule 10b-5 must have either bought or sold securities in connection with the alleged violation. The District Court interpreted Blue Chip Stamps to mean that the present plaintiffs lack standing because "none of them purchased any interest in [the] program in his own name." Less v. Lurie, slip op. at 6. Having dismissed the federal claims, the District Court exercised its discretion under United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), and dismissed the pendent state claims as well. This appeal followed.
 
 II.
 
 8
 In their appeal to this Court, plaintiffs make several arguments challenging the District Court's ruling that they lack standing to question the purchase of interests in the 1980A Drilling Program. Although we are inclined to agree that having the critical transaction in one's own name is not dispositive for standing under Blue Chip Stamps, we need not reach that question or most of the others raised by plaintiffs. We hold instead that because plaintiffs have alleged that Ruler Associates was itself formed as a part of a scheme to defraud investors, they have stated a claim under SEC Rule 10b-5, 17 C.F.R. 240.10b-5.
 
 
 9
 The rule, which implements Section 10(b) of the 1934 Act, 15 U.S.C. Sec. 78j(b), makes it unlawful for any person to use "any device, scheme or artifice to defraud" or "[t]o make any untrue statement of material fact or to omit to state a material fact ... in connection with the purchase or sale of any security." In addition to showing such illegal acts or statements, individuals seeking recovery under the rule's implied right of action must show causation and scienter. Here, plaintiffs allege that Mr. Lurie, acting as Jernigan's agent, knowingly made material misrepresentations about the 1980A Drilling Program and failed to disclose either the critical contents of the project's prospectus or his own relationship to Jernigan Oil Company. The complaint alleges that these misrepresentations and omissions were made to and did induce plaintiffs to purchase interests in the 1980A program through the mechanism of Ruler Associates, itself an artifice to defraud, formed during the period when the allegedly violative misrepresentations were being made. The claim is that Ruler Associates, whatever may have appeared on paper, was not a real partnership at all, but only a sham devised to facilitate the fraudulent sale of interests in the 1980A Drilling Program. We consider these allegations sufficient to meet the standards established for withstanding a motion to dismiss under Fed.R.Civ.P. 12(b)(6). See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).
 
 
 10
 It is important to note that our holding that plaintiffs have stated a claim upon which relief can be granted is not based on the claim, also made by plaintiffs, that in form, Ruler Associates was only a limited partnership or joint venture, masquerading as a general partnership. We do not reach this issue, which is also relevant to plaintiff's claim that their interests in Ruler were securities under the Howey test.[3] We are simply saying that because plaintiffs allege that Ruler was a shadow and its formation part and parcel of a general scheme to defraud, and that scheme also included misrepresentations and omissions of material facts and operated in connection with the purchase of securities, a claim has been stated upon which relief can be granted under SEC Rule 10b-5.
 
 III.
 
 11
 In granting the defendants' motion to dismiss, the District Court also held that plaintiffs could not base their federal securities law claims on their purchase of interests in Ruler Associates because those interests did not qualify as investment contracts under the Howey test and were therefore not securities. The court reached this conclusion by examining the provisions of the Ruler partnership agreement, which specifically stated that the enterprise would not depend on the efforts of the managing partner and that major additional investment decisions had to be approved by partners holding two-thirds of the partnership's outstanding interests. Defendants argue that this Court's decision in Fargo Partners v. Dain Corp., 540 F.2d 912, 915 (8th Cir.1976), stands for the proposition that as long as investors retain the power to control an enterprise, that investment does not rely substantially on the efforts of third persons, even though such right goes unexercised. Because we find that the motion to dismiss should have been denied in regard to claims dealing with the purchase of interests in the 1980A Drilling Program, we need not reach the second basis of the District Court's dismissal of the lawsuit. However, we note that defendants' interpretation of Fargo Partners fails to take into account the fact that in that case, this Court looked beyond the written agreement between the parties to the actual expertise and bargaining power of the parties involved, approaching the position of Williamson v. Tucker, 645 F.2d 404 (5th Cir.), cert. denied, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981) (partnership interests fall outside Howey unless plaintiffs can show they lacked any meaningful control of an enterprise).
 
 
 12
 Finally, in reversing the District Court's dismissal of the federal securities law claim, we also reverse its decision, based on United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), dismissing the pendent state claims. Accordingly, the decision of the District Court is reversed, and this cause is remanded for further proceedings consistent with this opinion.
 
 
 
 [1]
 Defendants filed their motions to dismiss based on lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). The District Court, however, considered them more appropriately treated as motions to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), and we agree with this approach
 
 
 [2]
 There appears to be some debate over precisely how many investors participated in Ruler; we note, however, that at the time Ruler was formed, plaintiffs represented just over 50 per cent. of the interests in the group, and defendants' counsel acknowledged at argument that plaintiffs apparently still represent a majority in interest of Ruler
 
 
 [3]
 There might, however, be some overlap in evidence used to prove that Ruler Associates was either a sham or not a general partnership; for example, the fact that the investors had to purchase letters of credit in their own names and that the partnership was never registered with Oklahoma authorities