James E. LEWELLEN, Appellant,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Appellee.

No. 91–1456.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 19, 1991.

Decided Nov. 25, 1991.

Frederick S. Spencer, Mountain Home, Ark., for appellant.

Etzion Brand, Baltimore, Md. (J. Michael Fitzhugh, U.S. Atty., Donald A. Gonya, Chief Counsel for Social Sec., Randolph W. Gaines, Deputy Chief Counsel for Social Sec., A. George Lowe, Deputy Chief Counsel for Social Sec. Disability Litigation, on brief), for appellee.

Before ARNOLD, BEAM, and LOKEN, Circuit Judges.

ARNOLD, Circuit Judge.

Plaintiff James E. Lewellen appeals from the District Court's[1] order affirming the Secretary of Health and Human Services' decision not to reopen a denial of disability benefits.

Plaintiff received disability benefits from June 1972 until May 1982, when the Secretary determined that plaintiff's disability had ceased. Although aware of his right to appeal that determination, he did not do so. Several years later plaintiff filed an application for disability benefits, which was denied on April 23, 1985. Again, plaintiff did not appeal the denial. Finally, on August 24, 1988, plaintiff filed another application for benefits which was denied, initially and on reconsideration. At plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ). The ALJ, after carefully reviewing the evidence, concluded that the plaintiff failed to establish good cause for reopening the 1985 determination and dismissed the plaintiff's request for review under the doctrine of administrative res judicata.

 As a general rule, decisions of the Secretary declining to reopen previous determinations on the ground of administrative res judicata are not subject to judicial review. See *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Plaintiff acknowledges this rule, but seeks to bring himself within an exception to it: courts do have reviewing authority if a colorable constitutional claim is alleged. We assume for present purposes, in accordance with plaintiff's contention, that it would be a violation of due process to give preclusive effect to an administrative determination against a claimant who, because of mental disease or defect, lacked capacity to understand his right to appeal that determination, or the consequences of failing to do so. Here, however, as previously indicated, the plaintiff himself has admitted that he knew of his right to appeal and that he deliberately failed to exercise it. Plaintiff argues that it was error for the Secretary to base any action on the admissions of someone who is, by hypothesis, mentally ill. We cannot agree. The gradations of mental ability, competence, and deficiency are manifold, and plenty of people who have been diagnosed as suffering from some sort of mental illness or defect retain significant capacity to govern their own business affairs. There is no evidence in this record that plaintiff's illness or defect was so severe that his own admissions with

---

1. The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.

respect to simple business and legal matters should, as a matter of due process, not be credited.

Accordingly, we do not agree that plaintiff has alleged a substantial constitutional claim. Therefore, the courts lack jurisdiction to review the decision of the Secretary not to reopen the previous determination that plaintiff's disability had ceased. The judgment of the District Court, granting the Secretary's motion for summary judgment, is

Affirmed.