**Ronald L. BOOCK, Plaintiff–Appellant,**

**v.**

**Donna E. SHALALA, Secretary of Health & Human Services, Defendant–Appellee.**

**No. 94–1554.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 18, 1994.

Decided Feb. 24, 1995.

Michael Rodney Ruffenach, Bemidji, MN, argued, for appellant.

Michael C. Messer, Chicago, IL, argued (Kelly Rausch Larson, on the brief), for appellee.

. Before BEAM, Circuit Judge, CAMPBELL,* Senior Circuit Judge, and MORRIS S. ARNOLD, Circuit Judge..

LEVIN H. CAMPBELL, Senior Circuit Judge.

Plaintiff Ronald Boock sued in the United States District Court for the District of Minnesota[1] for review of the Secretary of Health and Human Services' ("HHS") refusal to reopen his 1983 application for disability benefits under the Social Security Act, 42 U.S.C. § 423 (1988). He now appeals from the district court's order dismissing the case for lack of subject matter jurisdiction. We affirm.

## I.

Boock applied for disability benefits in 1983 and again in 1986, alleging that he had been disabled following a work-related chemical spill in 1980. Both times, his application was initially denied. Along with each denial came a notice, informing Boock of his right to request reconsideration. The notice to the 1983 denial read:

> If you believe that this determination is not correct, you may request that your case be re-examined. If you want this reconsideration, you must request it not later than 60 days from the date you receive this notice.

The notice to the 1986 denial read substantially the same, except for the following additional language:

> If you wait more than 60 days, you must give us a good reason for the delay.... If you do not request reconsideration within the 60–day time limit, you still have the

---

* The Honorable Levin H. Campbell, Senior Circuit Judge for the United States Court of Appeals for the First Circuit, sitting by designation.

1. The Honorable Diana E. Murphy, Chief Judge, United States District Court for the District of Minnesota.

right to file another application at any time.

Following the 1983 and 1986 denials, Boock did not seek administrative review.

Boock again applied for disability benefits in 1988. Again, his application was initially denied. This time, however, Boock sought review, presenting additional evidence of his alleged disability. After a hearing, an administrative law judge ("ALJ") determined that Boock had suffered from severe bipolar syndrome, depression and hypomania since 1980. Accordingly, the ALJ found Boock had been disabled within the meaning of the statute and granted Boock benefits based on his 1988 application. The Act allows retroactive disability benefits for a period of up to one year prior to the date of application. *See* 42 U.S.C. § 423(b) (1988); 20 C.F.R. § 404.621(a)(1)(i) (1994). Thus, in granting benefits based on the 1988 application, the ALJ granted retroactive benefits only as far back as 1987, even though he had determined that Boock had been disabled since 1980. The ALJ did not address Boock's previous 1983 or 1986 claims, neither of those applications having been included in the materials submitted to the ALJ.

Boock's attorney subsequently wrote to the SSA's Appeals Council, asking it to reopen Boock's 1983 application in light of the ALJ's determination that he had been disabled since 1980. In asking for a reopening of his 1983 application, Boock in effect sought additional retroactive benefits going back to 1982. Boock cited two provisions of the HHS regulations which provide for reconsideration of administratively final decisions. The first, 20 C.F.R. § 404.988 (1994), provides that the SSA may *reopen* an otherwise final decision: (a) for any reason, within 12 months of the notice of the initial determination; (b) for "good cause", within four years of the notice of the initial determination; and (c) at any time, if the case falls within a number of very specific situations (for example, if there was a material clerical error in the evidence submitted). *Id.* The second, 20 C.F.R. § 404.909 (1994), provides that the SSA may at any time grant an *extension* of time to file a request for reconsideration of an otherwise administratively final decision if

there is "good cause" for the individual's failure to have requested reconsideration within the applicable time limit.

The Appeals Council denied Boock's request, finding that his 1983 application qualified for neither a "reopening" under 20 C.F.R. § 404.988 nor an "extension" under 20 C.F.R. § 404.909. The Appeals Council accepted the findings of the ALJ. It went on to rule that a reopening was unwarranted since: (1) more than four years had elapsed since the denial of the 1983 application and, even though good cause (in the form of new evidence) existed, reopening under that provision was not available; and (2) Boock did not fall within any of the narrow provisions for reopening after four years. The Appeals Council also found that an extension was unwarranted since there was no good cause for Boock's failure to have appealed from the 1983 denial, as Boock's impairment at the time did not prevent him from understanding his appeal rights.

The Appeals Council did, however, *sua sponte* construe Boock's 1988 application as an implied request to reopen his 1986 application. Finding that new evidence provided good cause to reopen within 20 C.F.R. § 404.988(b) (1994), and that the implied request to reopen the 1986 application (unlike the request to reopen the 1983 application) was made within four years of the notice of the initial determination, the Appeals Council granted Boock benefits from his 1986 application.

Boock then brought the present action in the United States District Court for the District of Minnesota, seeking review of the Appeals Council's denial of his petitions to reopen his 1983 application and to extend time for filing a request for reconsideration of that application. The Secretary moved to dismiss, alleging lack of subject matter jurisdiction. Boock opposed the motion and moved for summary judgment. The magistrate judge recommended granting the Secretary's motion. The district court adopted the magistrate's recommendation and dismissed for lack of subject matter jurisdiction, holding: (1) that a refusal to reopen an application for disability benefits or to extend time to file an appeal is not a "final decision"

reviewable by the district court; and (2) that Boock had failed to allege a colorable constitutional claim sufficient to provide a basis for jurisdiction. This appeal followed.

## II.

A federal district court's jurisdiction to review the Secretary's decisions regarding disability benefits is governed by 42 U.S.C. § 405(g), which provides review only of a "final decision of the Secretary made after a hearing." 42 U.S.C. § 405(g) (1988). However, if jurisdiction is not available under § 405(g), the district court may also review the Secretary's decision if the plaintiff alleges a colorable claim of unconstitutionality. *See Califano v. Sanders*, 430 U.S. 99, 109, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977); *Gipson v. Harris*, 633 F.2d 120, 122 (8th Cir. 1980). Boock argues that the district court had jurisdiction to review the Secretary's decision under both of these theories.[2]

We agree with the district court that subject matter jurisdiction is lacking under 42 U.S.C. § 405(g). It is well-settled that the Secretary's refusal to reopen an administratively final decision under 20 C.F.R. § 404.988 is not a "final decision ... made after a hearing" subject to judicial review under § 405(g). *See Sanders*, 430 U.S. at 107–08, 97 S.Ct. at 985–86; *Lewellen v. Sullivan*, 949 F.2d 1015, 1016 (8th Cir. 1991). Such reopening is a matter committed to the Secretary's discretion and may be decided without a hearing. It is equally well-settled that the Secretary's determination of no good cause to extend the period for appeal under 20 C.F.R. § 404.909 is similarly not subject to judicial review under § 405(g). *See Turner v. Bowen*, 862 F.2d 708, 709–10 (8th Cir.1988); *Smith v. Heckler*, 761 F.2d 516, 519 (8th Cir.1985); *Sheenan v. Secretary of Health, Education & Welfare*, 593 F.2d 323, 325 (8th Cir.1979). Accordingly, 42 U.S.C. § 405(g) did not provide the district court with jurisdiction to review appellant's claim against the Secretary.

To avoid the weight of the above precedent, Boock seeks to bring this suit within a line of cases carving out a narrow exception to the above rule. Under these cases, where the Secretary, in denying a request for reopening an earlier application, nevertheless addresses the merits of that application, the application can be treated as having been "constructively reopened" as a matter of administrative discretion. A district court may then review the Secretary's refusal to reopen the application, to the extent that it addresses the merits. *See Jelinek v. Heckler*, 764 F.2d 507, 508 (8th Cir.1985) (citing *McGowan v. Harris*, 666 F.2d 60, 65–66 (4th Cir.1981)); *see also Hudson v. Bowen*, 870 F.2d 1392, 1395 (8th Cir.1989); *Underwood v. Bowen*, 807 F.2d 141, 143 (8th Cir.1986). Boock argues that, in reviewing his 1988 application, the ALJ necessarily addressed the merits of his 1983 claim, since both claims revolved around the same set of facts. Boock then argues that, in doing so, the ALJ constructively reopened his 1983 claim.

We do not agree. We believe that the *Jelinek* exception does not apply here, as there is no indication that the Secretary ever addressed the merits of the 1983 claim in denying Boock's petition to reopen. First, we must make clear what "decision" under 42 U.S.C. § 405(g) we are asked to review. We are plainly not asked to review the Secretary's favorable decision on the merits of Boock's 1988 application. Rather, we are asked to review the Secretary's decision to deny Boock's petition to reopen his 1983 application, a petition that he raised for the first time before the Appeals Council.[3] In denying that petition, the Secretary never

---

**2.** We review the district court's determination on this issue of law de novo. *See Schneider v. United States*, 27 F.3d 1327, 1330 (8th Cir.1994), *cert. denied*, — U.S. —, 115 S.Ct. 723, 130 L.Ed.2d 628 (1995).

**3.** The Appeals Council expressly noted that it was addressing only Boock's request for a reopening,

and that there was no basis for reviewing the ALJ's favorable decision on the 1988 claim. Similarly, in his letter to the Appeals Council, Boock's counsel stated: "Since the August 1983 application was not included in the material submitted to the ALJ, it is not affected by the ALJ decision and it is proper to address it now."

addressed the merits of the 1983 claim. Instead, the Appeals Council simply found: (1) that more than four years had elapsed since denial of the claim; and (2) that the claim did not fall within any of the specific provisions for reopening beyond four years.[4] As the Secretary never reached the merits of the 1983 claim in denying Boock's petition, jurisdiction over that decision cannot rest on a theory of constructive reopening. *See Hudson,* 870 F.2d at 1395; *see also Burks–Marshall v. Shalala,* 7 F.3d 1346, 1348 (8th Cir. 1993); *Coates on Behalf of Coates v. Bowen,* 875 F.2d 97, 101 (7th Cir.1989) (no constructive reopening after four years because concept "cannot extend beyond the scope of authority granted under the regulations").

■ Boock also seeks to premise jurisdiction on the narrow exception for colorable constitutional claims. Boock alleges that the notice he received following the denial of his 1983 application violated his right to procedural due process in that it failed to state that the decision would be final if not appealed. However, the 1983 notice very clearly states: "If you want this reconsideration, you *must* request it not later than 60 days" (emphasis added). The language is unqualified and clearly indicates that a decision will be final if not appealed.[5] *Cf. Davis v. Sullivan,* 977 F.2d 419, 421 (8th Cir.1992) (notice not deficient where it clearly set forth claimant's

only option for obtaining review). Boock, moreover, has not alleged that his failure to appeal from the 1983 denial was caused in any way by language in the 1983 notice.[6] *See Burks–Marshall,* 7 F.3d at 1349. Accordingly, even if Boock's due process claim were considered to be minimally colorable, it is clearly without merit.

Boock's alternative due process argument is similarly meritless. Boock argues that, even if the notice was not per se insufficient, it was insufficient as applied to him, given his mental impairment at the time. *See, e.g., Schrader v. Harris,* 631 F.2d 297, 302 (4th Cir.1980). Accordingly, he argues, the Secretary's subsequent refusal to reopen or extend time for filing an appeal on his 1983 application deprived him of his property interest in the benefits without due process of law. This falls far short, however, of a cognizable due process claim. Even if we make the assumption that Boock's mental impairment made it difficult for him to understand the notice,[7] we cannot say that Boock has failed to receive the process that he is due. In providing in her regulations for "good cause" extensions of time for bringing appeals, the Secretary has set forth a procedure that specifically accounts for the possibility that mentally-impaired claimants may have difficulty understanding the notice. Indeed, in this case, Boock took advantage of that procedure and had full opportunity to

---

4. Nor did the ALJ reach the merits of the 1983 application in his consideration of the 1988 application. The record indicates that the ALJ was unaware of the prior application and that the record before him contained no mention of it. Although the ALJ might have considered some of the same evidence that had been submitted along with the 1983 application, "the mere allowance of evidence from the earlier applications, without more, cannot be considered a reopening of the earlier case." *Burks–Marshall v. Shalala,* 7 F.3d 1346, 1348 (8th Cir.1993).

5. Boock also points to language from the 1986 notice, which seems to suggest that a claimant may appeal beyond sixty days if he or she has "a good reason." The notice also indicates that a claimant "still [has] the right to file another application at any time" if he or she chooses not to appeal. Some courts have held that such language violates the due process clause. *See, e.g., Penner v. Schweiker,* 701 F.2d 256, 260–61 (3d Cir.1983); *see also Burks–Marshall,* 7 F.3d at

1349 (recognizing that dicta in this circuit has hinted that such language may be unconstitutional). However, the language in the 1986 notice is irrelevant, since only the *1983* notice is at issue in this case. The 1983 notice does not contain any of the potentially misleading language from the 1986 notice.

6. Although Boock has alleged that he was prejudiced by the 1986 notice (in that he filed another application instead of an appeal), that notice, as explained in the note *supra* is irrelevant for the purposes of this case.

7. As the Appeals Council noted in finding that there was no good cause for an extension, the record indicates, and Boock concedes, that, at the time he received the 1983 notice, Boock was enrolled in college and actively participated in a number of family activities. Thus despite his mental impairment, there is little evidence to suggest that he was so impaired that he could not understand the 1983 notice.

 

apply for an extension of time based on the alleged inadequacy of the notice, in light of his mental condition.[8] After fully listening to Boock's argument, the Appeals Council denied the request for an extension, concluding that his mental impairment did not prevent him from filing a timely appeal. Boock has not alleged any procedural defect in this reconsideration. *Cf. Cherry v. Heckler,* 760 F.2d 1186, 1190 n. 4 (11th Cir.1985). Accordingly, we cannot say that the district court erred in dismissing this claim.

■ The district court dismissed Boock's two constitutional claims for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), finding them not colorable. Although clearly meritless, these claims were probably not so patently frivolous as to fail to confer jurisdiction upon the district court. *See Bell v. Hood,* 327 U.S. 678, 682–85, 66 S.Ct. 773, 776–78, 90 L.Ed. 939 (1946). It follows that the district court should, technically, have dismissed these claims for failure to state a claim under Fed.R.Civ.P. 12(b)(6), and we affirm the dismissal on that basis. *See Gipson v. Harris,* 633 F.2d 120, 122 (8th Cir.1980) (finding constitutional claim colorable, but dismissing for failure to state a claim); *Less v. Lurie,* 789 F.2d 624, 625 n. 1 (8th Cir.1986) (construing a 12(b)(1) motion as a 12(b)(6) motion); *see also Arroyo–Torres v. Ponce Federal Bank,* 918 F.2d 276, 280 (1st Cir.1990) (affirming 12(b)(1) dismissal on 12(b)(6) grounds); *Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor,* 619 F.2d 231, 239 (3d Cir.1980) (dismissal affirmed because remand "for the entry of a dismissal under Fed.R.Civ.P. 12(b)(6), rather than under Fed.R.Civ.P. 12(b)(1), would be a futile exercise"), *cert. denied,* 449 U.S. 1096, 101 S.Ct. 893, 66 L.Ed.2d 824 (1981)."

We therefore affirm the district court's dismissal of this case.

*Affirmed.*

---

**8.** The cases cited by Boock are inapposite. These cases hold that due process is violated when the Secretary applies administrative res judicata to bar a later claim ex parte, without considering whether the claimant, in failing to appeal the earlier claim, had the mental capacity to understand the notice. *See Lewellen v. Sullivan,* 949 F.2d 1015 (8th Cir.1991); *Elchediak v. Heckler,* 750 F.2d 892 (11th Cir.1985); *Parker v. Califano,* 644 F.2d 1199 (6th Cir.1981); *Shrader v. Harris,* 631 F.2d 297 (4th Cir.1980). An analo-

gous situation in this case would be if the Secretary had denied Boock's request for an extension without considering whether Boock's failure to appeal might have been caused by his mental impairment. Yet, as explained above, the Secretary did consider Boock's failure to appeal. And although the decision did not grant Boock's petition, due process does not guarantee a favorable result, only procedures reasonably calculated to afford claimants a meaningful opportunity to be heard, which Boock in this case received.