**James H. BIG BOY for Edward V. BIG BOY**

v.

**Shirley S. CHATER, Commissioner of Social Security.**

No. CIV. 95–5062.

United States District Court, D. South Dakota, Western Division.

Feb. 15, 1996.

Mark Falk, Rapid City, SD, for Plaintiff.

Diana J. Ryan, Assistant U.S. Attorney, Rapid City, SD, for Defendant.

MEMORANDUM OPINION AND ORDER

BATTEY, Chief Judge.

## NATURE AND PROCEDURAL HISTORY

Pending is defendant's motion to dismiss claimant's action for judicial review of the denial of his claim for benefits under Title XVI of the Social Security Act. Defendant contends that this Court lacks subject matter jurisdiction as a result of claimant's failure to exhaust his administrative remedies. Defendant further asserts that there has been no final decision by the Commissioner as required by 42 U.S.C. § 405(g). Claimant has responded to defendant's motion to dismiss, further requesting the Court to remand the case to the Social Security Administration (SSA) with instructions to hold a hearing on the merits of claimant's application, or in the alternative to deny defendant's motion to dismiss and order the defendant to file an answer with the full administrative record, so that the Court may consider claimant's case on its merits.

On July 13, 1982, claimant filed an application for supplemental security income. The application was denied, and claimant did not appeal the denial. On August 8, 1992, claimant was advised that he would have another opportunity to have his prior application reconsidered since he was a member of the Zebley[1] class. On April 22, 1993, claimant resubmitted his application for supplemental security income. The application was initial-ly denied on August 19, 1993, and a notice was sent to claimant informing him that he had the right to appeal the denial within 60 days from the date he received the notice.

On August 31, 1994, claimant filed a request for reconsideration. The request included a statement indicating that he did not receive any notification of the Zebley determination, setting forth that someone had stolen his mailbox. On September 21, 1994, claimant was notified that after considering his explanation, good cause was not found and the request for reconsideration was denied. On October 12, 1994, claimant filed a timely request for hearing contending that the SSA should have found good cause to accept the late request for reconsideration. The Administrative Law Judge (ALJ) issued a notice of dismissal on March 15, 1995. On July 27, 1995, the Appeals Council denied the request for review. Claimant filed a new application on May 13, 1994, and he was found to be disabled as of May 1994.

On August 30, 1995, claimant filed this civil action requesting the Court to review defendant's decision denying claimant's application for benefits and order the case remanded to the defendant with directions to reopen the initial Zebley reapplication, or in the alternative to order the case remanded to the Commissioner with directions to conduct an evidentiary hearing on claimant's appeal from the initial denial of his reapplication for benefits.

## DISCUSSION

In the recent decision of *Boock v. Shalala,* 48 F.3d 348 (8th Cir.1995), the Eighth Circuit Court of Appeals set forth that,

A federal district court's jurisdiction to review the [Commissioner's] decisions regarding disability benefits is governed by 42 U.S.C. § 405(g), which provides review only of a "final decision of the [Commissioner] made after a hearing." 42 U.S.C. § 405(g) (1988). However, if jurisdiction is not available under § 405(g), the district court may also review the [Commission-

**1.** *See Sullivan v. Zebley,* 493 U.S. 521, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990) (establishing the method to be utilized by the Commissioner in determining whether a child is disabled and therefore eligible for benefits under Title XVI of the Social Security Act).

er's] decision if the plaintiff alleges a colorable claim of unconstitutionality.

*Id.* at 351 [citations omitted]. As a general rule, the Commissioner's determination that no good cause exists to extend the period for appeal and the Commissioner's refusal to reopen an administratively final decision are not subject to judicial review under section 405(g). *Id.* at 351 (citing *Lewellen v. Sullivan,* 949 F.2d 1015, 1016 (8th Cir.1991)). These extensions and reopenings are within the Commissioner's discretion and may be decided without a hearing. *Boock,* 48 F.3d at 351. Since there has been no final decision of the Commissioner made after a hearing in this case, subject matter jurisdiction is lacking under section 405(g). Therefore, claimant must assert a colorable constitutional claim in order to avoid dismissal.

 Claimant's constitutional claim is that his Fifth Amendment right of due process was violated by the manner and means employed by the Commissioner in the resolution of this case. It is well established that a due process claim is without merit if the Commissioner fully complies with the regulations. *Robertson v. Sullivan,* 979 F.2d 623, 625 (8th Cir.1992) (see also *Copaken v. Secretary of Health, Ed. & Welfare,* 590 F.2d 729, 732 (1979)). This Court finds that the Commissioner has fully complied with the regulations relevant to this case.

As previously set forth, on August 31, 1994, claimant filed a request for reconsideration of the Zebley determination. Although the request for reconsideration was filed more than 65 days after the denial, the regulations provide for an extension of the period upon a showing of good cause. 20 C.F.R. § 416.1413b (1995). Claimant was afforded the opportunity to and did in fact include a written statement to aid the SSA in determining whether good cause existed. Claimant indicated that he did not receive any notification of the Zebley determination, specifically setting forth that someone had stolen his mailbox. The SSA determined that the denial letter was delivered prior to the alleged mailbox theft, and concluded that there was not sufficient evidence to support a finding of good cause and the request for consideration was denied. *See* 20 C.F.R. § 416.1411 (listing the factors to be considered in a good cause determination). On October 12, 1994, claimant filed a timely request for hearing contending that the SSA should have found good cause to accept the late request for reconsideration. The ALJ denied claimant's request for hearing on good cause based on the fact that there had been no reconsideration determination and issued a notice of dismissal on March 15, 1995. *See* 20 C.F.R. § 416.1430. Claimant then filed a timely appeal with the Appeals Council. The Appeals Council concluded that the SSA regulations do not require a review. *See* 20 C.F.R. § 416.1470.

It is clear that these procedures employed by the Commissioner in the resolution of this claim provide adequate protection particularly in light of the governmental and private interests affected. Although the due process claim is meritless, it is probably not so patently frivolous as to fail to confer jurisdiction upon this Court. *Boock,* 48 F.3d at 353. Accordingly, the Commissioner's Fed. R.Civ.P. 12(b)(1) motion will be construed as a Fed.R.Civ.P. 12(b)(6) motion and this case will be dismissed for failure to state a claim upon which relief may be granted. *Id.* (citing *Less v. Lurie,* 789 F.2d 624, 625 n. 1 (8th Cir.1986)).

## CONCLUSION

The Court finds that since there has been no final decision of the Commissioner made after a hearing in this case, subject matter jurisdiction is lacking under section 405(g). The Court further concludes that although claimant's constitutional claim is meritless, it does confer jurisdiction upon this Court. Accordingly, it is hereby

ORDERED that the action is dismissed pursuant to Fed.R.Civ.P. 12(b)(6) without prejudice.