# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-1282

———————

Ernest L. Haynes, Jr.,                          *
                                                *
              Appellant,                        *
                                                *   Appeal from the United States
        v.                                      *   District Court for the
                                                *   Eastern District of Missouri.
Kenneth S. Apfel, Commissioner of               *
Social Security,                                *
                                                *   [Unpublished]
              Appellee.                         *

———————

Submitted:  August 26, 1999
Filed: January 18, 2000

———————

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

———————

PER CURIAM.

Ernest L. Haynes, Jr., appeals the district court's[1] order dismissing for lack of jurisdiction his claim regarding the denial of supplemental security income (SSI) and granting summary judgment to the Commissioner on his constitutional claim. For the reasons stated below, we affirm.

---

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri.

In February of 1997, an administrative law judge (ALJ) concluded that Haynes was disabled, but after Haynes failed to provide the Social Security Administration (SSA) with proof that he met the required asset guidelines, the SSA denied Haynes's SSI benefits. Upon reconsideration, the SSA concluded that Haynes was ineligible for SSI benefits because he had more than $2,000 in a bank account. Haynes then requested a hearing before an ALJ. A hearing was scheduled at the SSA office in Creve Coeur, Missouri--approximately thirty miles from Haynes's residence--but Haynes did not attend, informing the SSA that he lacked transportation to the hearing. The ALJ then dismissed the request for a hearing and affirmed the denial of SSI benefits. Haynes filed the instant action against the SSA, claiming that he was denied due process when the ALJ arbitrarily dismissed his request for a hearing, and requesting that the district court review his SSI claim and award him benefits.

Upon de novo review, see Boock v. Shalala, 48 F.3d 348, 351 & n.2 (8th Cir. 1995), we conclude that the district court properly determined that it lacked jurisdiction to review the Commissioner's decision regarding disability benefits. The district court has jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). In this case, the district court lacked jurisdiction to review the ALJ's decision because Haynes's hearing request was dismissed after he failed to appear, and thus no hearing was ever held. Cf. Califano v. Sanders, 430 U.S. 99, 107-08 (1977) (holding that § 205(g) [later codified as § 405(g)] does not authorize judicial review of denial to reopen claims because petition to reopen can be denied without hearing). We note, however, that Haynes may reapply for benefits, provided he remains disabled and meets the asset requirements.

As to Haynes's due process challenge to the ALJ's dismissal of his request for a hearing, we note that the district court correctly concluded that it had jurisdiction over this claim, see Sanders, 430 U.S. at 108-09 (where claimant challenges Secretary's decision on constitutional grounds, judicial review is appropriate despite absence of prior hearing), and we review de novo the district court's grant of summary judgment

to the SSA, see <u>Marler v. Missouri State Bd. of Optometry</u>, 102 F.3d 1453, 1456 (8th Cir. 1996). We conclude that summary judgment was correct. Assuming that Haynes had a protectable property interest in receiving benefits, we agree with the district court that Haynes was afforded the opportunity to be heard at a meaningful time and in a meaningful manner. <u>See</u> <u>Mathews v. Eldridge</u>, 424 U.S. 319, 333 (1976). The ALJ found that Haynes had not provided good cause for failing to appear at the scheduled hearing in Creve Coeur, and thus the ALJ had the discretion to dismiss Haynes's request for a hearing. <u>See</u> 20 C.F.R. § 416.1457(b)(1)(i) (1999).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.