# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2253

_____

Marvin Brown,                                    *
                                                 *
          Appellant,                             *
                                                 *    Appeal from the United States
     v.                                          *    District Court for the
                                                 *    Western District of Missouri.
Larry G. Massanari, Commissioner of              *
Social Security,                                 *         [UNPUBLISHED]
                                                 *
          Appellee.                              *

_____

Submitted:  November 2, 2001
Filed:  November 5, 2001

_____

Before WOLLMAN, Chief Judge, BOWMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Marvin Brown appeals the District Court's[1] order affirming the Commissioner's denial of his applications for disability insurance benefits and supplemental security income. In conjunction with his June 1996 applications, Brown alleged disability since January 1993 from, inter alia, back problems, post traumatic stress disorder, and depression. At the hearing, in response to a hypothetical posed by the administrative law judge (ALJ), a vocational expert (VE)

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

named certain jobs the claimant could perform. Thereafter, the ALJ determined that Brown could not perform his past relevant work, but he could perform the jobs that the VE had identified. Having carefully reviewed the record, see Roberts v. Apfel, 222 F.3d 466, 468 (8th Cir. 2000) (standard of review), we affirm.

Brown first argues the ALJ improperly discounted his subjective complaints. We disagree. The ALJ specifically applied the factors in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), and noted various inconsistencies in the record: Brown's unsteady work history, including a 1993 layoff due to tardiness, which was "not a disability related reason"; his failure to seek treatment until one year after his alleged onset date; and his ability to get along with his last supervisor, and to handle a job requiring little public interaction. See Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001) (holding that if ALJ discredits claimant and gives good reason for doing so, court will defer to his judgment even if every Polaski factor is not discussed in depth). Brown argues that his tardiness in his last job resulted from pain-related insomnia, but his sporadic work history as a whole was a proper basis for discrediting him, see Woolf v. Shalala, 3 F.3d 1210, 1214 (8th Cir. 1993) (stating that a claimant's credibility is lessened by poor work history); and contrary to Brown's contention, the ALJ did not ignore the objective medical evidence, as shown by his classification of Brown's impairments as severe, and by his residual functional capacity findings, which included multiple restrictions. Brown directs our attention to various pieces of evidence (e.g., vocational assessment and physicians' remarks) in support of his subjective complaints, but the evidence is either taken out of context or negated by other parts of the record. Finally, the ALJ's failure to discuss explicitly the Veterans Administration's (VA's) determination of disability is inconsequential, as the determination consists only of two pages and reports findings that are not supported in the record before the ALJ. Cf. Morrison v. Apfel, 146 F.3d 625, 627-29 (8th Cir. 1998) (remanding in part because ALJ failed to address explicitly VA doctor's report that claimant could not work and was entitled to government pension, where report

"occupied some thirty pages in the record" and documented extensive physical examination).

Brown complains that the ALJ's hypothetical omitted his inability to relate appropriately to co-workers and supervisors, his need to lie down because of his back, and his deficiencies of concentration, persistence, or pace, which he alleges occur often. The hypothetical did include limitations addressing Brown's inability to relate to others, however, and the other exclusions were proper because Brown only periodically reported back pain and did not take prescription medication for it, and he cites no evidence showing frequent deficiencies in concentration, persistence, or pace. See Hunt v. Massanari, 250 F.3d 622, 625 (8th Cir. 2001) (concluding that a hypothetical is sufficient if it sets forth impairments supported by substantial evidence and accepted as true by ALJ).

Finally, Brown contends the ALJ should have reopened his 1994 applications, but we do not have jurisdiction to consider a denial to reopen. See Boock v. Shalala, 48 F.3d 348, 351 (8th Cir. 1995).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-