# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4109

_____

Heather Efinchuk,

        Appellant,

v.

Michael J. Astrue,[1] Commissioner,
Social Security Administration,

        Appellee.

\*     Appeal from the United States
\*     District Court for the
\*     District of South Dakota.

_____

Submitted: November 17, 2006
Filed: March 27, 2007

_____

Before RILEY, HANSEN, and SMITH, Circuit Judges.

_____

RILEY, Circuit Judge.

In 1981, 1987, 1990, 1992, and 1997, Heather Efinchuk (Efinchuk) filed applications for disability insurance benefits (SSDI) under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. The Commissioner denied each of Efinchuk's SSDI applications. Efinchuk requested reconsideration of the Commissioner's denial of the 1997 application, which sought to reopen Efinchuk's 1981 application on

_____

[1]Michael J. Astrue has been appointed to serve as Commissioner of Social Security and is substituted as appellee pursuant to Federal Rules of Appellate Procedure 43(c)(2).

grounds Efinchuk lacked the mental capacity to appeal the Commissioner's denial.[2] An Administrative Law Judge (ALJ) refused to reopen the 1981 application, and the Appeals Council declined to review the ALJ's ruling. Efinchuk appealed to the district court,[3] which remanded the proceedings to an ALJ to conduct a hearing regarding Efinchuk's mental capacity during the time period when the Commissioner's denial of Efinchuk's 1981 application could have been appealed.

On January 23, 2002 and April 30, 2003, an ALJ held hearings. Efinchuk was represented by counsel. The ALJ received Efinchuk's exhibits, heard the testimony of Efinchuk, Efinchuk's daughter, and Dr. Donald Feinsilver, and listened to argument from Efinchuk's attorney. Efinchuk's attorney submitted a pre-hearing brief, exhibits, and a post-hearing brief. On October 31, 2003, the ALJ issued a decision finding "[t]he evidence of record does not establish that [Efinchuk] lacked the mental capacity . . . necessary to understand the procedures for requesting reconsideration and was therefore incapable of requesting reconsideration of the [denial of Efinchuk's 1981 application]." Efinchuk appealed to the district court, arguing the ALJ's decision was not supported by substantial evidence and the proceedings on remand violated due process. The district court disagreed, concluding substantial evidence supported the ALJ's decision and Efinchuk had not presented a colorable claim of a constitutional violation. Efinchuk appeals.

---

[2]"When a claimant has failed to request reconsideration, an ALJ hearing, Appeals Council Review, or review by a federal district court, Social Security Ruling 91-5p requires the agency to extend the deadlines for such requests if the claimant had good cause for missing the deadline, such as if 'he or she lacked the mental capacity to understand the procedures for requesting review' or had 'any mental or physical condition which limited the claimant's ability to do things for him/herself.'" Byam v. Barnhart, 336 F.3d 172, 176 (2d Cir. 2003) (quoting S.S.R. 91-5p, S.S.R. (CCH) ¶ 16,101A (July 1, 1991)) (alteration omitted).

[3]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

Section 405(g) of Title 42, United States Code, authorizes judicial review of "any final decision of the Commissioner . . . made after a hearing." See Mason v. Barnhart, 406 F.3d 962, 964 (8th Cir. 2005). Under § 405(g), courts generally lack jurisdiction to review the Commissioner's refusal to reopen the proceeding because a refusal to reopen the proceeding is not a "final decision of the Commissioner . . . made after a hearing." 42 U.S.C. § 405(g); see Califano v. Sanders, 430 U.S. 99, 107-08 (1977); Boock v. Shalala, 48 F.3d 348, 351 (8th Cir. 1995). Jurisdiction may exist, however, if the claimant challenges the refusal to reopen the proceeding on constitutional grounds. Califano, 430 U.S. at 109; Boock, 48 F.3d at 351.

Efinchuk argues the proceedings on remand violated due process. However, Efinchuk was represented by counsel, and the ALJ received and considered Efinchuk's evidence, listened to and considered all the proffered testimony and argument, and wrote an eleven-page decision setting forth a cogent rationale explaining the ALJ's decision not to reopen Efinchuk's 1981 application. Nothing about the proceedings (1) indicates the ALJ could not render a fair judgment, (2) shows the procedural safeguards were constitutionally inadequate, or (3) shocks the conscience. Cf. Liteky v. United States, 510 U.S. 540, 551 (1994) (stating that to prove a due process violation based on bias, the decision-maker's behavior must have been "so extreme as to display clear inability to render fair judgment"); Skokos v. Rhoades, 440 F.3d 957, 962 (8th Cir. 2006) ("For the conduct to amount to a constitutional deprivation, the state actor's conduct must be egregious or, in other words, arbitrary, or conscience shocking, in a constitutional sense." (internal quotation marks and citations omitted)); Parrish v. Mallinger, 133 F.3d 612, 615 (8th Cir. 1998) ("A procedural due process claim focuses not on the merits of a deprivation, but on whether the State circumscribed the deprivation with constitutionally adequate procedures."). Because Efinchuk fails to demonstrate a colorable claim of a constitutional violation, we lack jurisdiction over Efinchuk's appeal. See Boock, 48 F.3d at 352-53.

We lack jurisdiction to consider Efinchuk's remaining arguments.  Thus, we affirm the district court's jurisdictional ruling and dismiss.

_____