# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3220

_____

Charles E. Mitchael, on behalf of himself and all others similarly situated; Michael Calvert, on behalf of himself and all others similarly situated; Wayne Herrod, on behalf of himself and all others similarly situated; Joyce Patton, on behalf of himself and all others similarly situated; Paul David Duvall, on behalf of himself and all others similarly situated; William S. Wombe, on behalf of himself and all others similarly situated; Donald H. Jones, on behalf of himself and all others similarly situated; Elmer E. McVay, on behalf of himself and all others similarly situated; Carl R. Moore, on behalf of himself and all others similarly situated

*Plaintiffs - Appellants*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 21, 2015
Filed: January 13, 2016

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

In the Eighth Circuit, dual status National Guard technicians who apply for Social Security benefits after February 3, 2011, are able to take advantage of our decision in Petersen v. Astrue, 633 F.3d 633 (8th Cir. 2011) to avoid application of the Windfall Elimination Provision (WEP). Plaintiffs are seeking to represent a class of dual status National Guard technicians who had their benefits determined prior to the issuance of the Petersen decision and would like to have their benefits readjusted to take advantage of the decision. The district court[1] dismissed their complaint for lack of jurisdiction. We affirm.

I.

On February 3, 2011, we held in Petersen v. Astrue, 633 F.3d 633 (8th Cir. 2011), that the WEP did not apply to David Petersen, a retired, dual status National Guard technician, for purposes of calculating his Social Security Retirement benefit pursuant to 42 U.S.C. § 415(a)(7)(A) (providing exception to application of WEP where pension payments are "based wholly on service as a member of a uniformed service").[2] Although the Commissioner of the Social Security Administration (SSA)

---

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

[2]In Petersen v. Astrue, we explained:

> The WEP was enacted in 1983 to eliminate the unintended benefits windfall that occurs when workers who split their career between covered employment (required to pay Social Security taxes) and non-covered employment (exempt from Social Security taxes). 42 U.S.C. § 415. This non-covered employment is often federal employment that, prior to 1984, was exempt from Social Security taxes because federal employees contributed to the federal civil service pension which was "designed to take the place both of social security and a private pension plan for workers who remain in [federal] employment throughout their careers." See H.R. Rep. No. 98–25, at 22

continues to disagree with our decision, she issued an Acquiescence Ruling (AR) directing that the Petersen rule should apply to all applications for Social Security old age and disability benefits received after February 3, 2011, from dual status National Guard technicians who receive a Civil Service Retirement System pension and who are permanent residents of a State within the Eighth Circuit. See 77 Fed. Reg. 51,842, 51,843 (Aug. 27, 2012).

Plaintiffs in this action are former dual status National Guard technicians who live in states in the Eighth Circuit and had their Social Security benefits determined prior to February 3, 2011, and thus reduced by the WEP. These plaintiffs chose not to pursue a challenge to the application of the WEP to their benefits determination at the time the SSA made that determination. They now seek class certification in this action to compel the Commissioner to recalculate the amount of their benefit in order that they may take advantage of the Petersen decision.

The district court dismissed the plaintiffs' complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Plaintiffs appeal the district court's dismissal.

---

> (1983), reprinted in 1983 U.S.C.C.A.N. 219, 240. Prior to the passage of the WEP, in calculating a beneficiary's primary insurance amount from the beneficiary's average monthly earnings, the Social Security Administration (SSA) did not consider whether the earnings came from covered or non-covered employment. As a result, beneficiaries that had a split career received both full Social Security benefits and whatever pension benefits were provided by the non-covered employment. The WEP requires a calculation of the Social Security benefit under a modified formula to account for the civil service pension benefits.

633 F.3d 633, 634-35. We determined in Petersen that service as a "dual status" National Guard Technician qualified for § 415's exception to the application of the WEP for "service as a member of a uniformed service." Id. at 637.

II.

"We review de novo the grant of a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)." Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency, 615 F.3d 985, 988 (8th Cir. 2010) (quotation and citation omitted). The burden of proving federal court jurisdiction is on the party seeking to invoke federal jurisdiction. Id.

The plaintiffs assert two overarching grounds for jurisdiction in this matter. First, they claim that federal courts have jurisdiction under the federal mandamus statute, 28 U.S.C. § 1361, to review the SSA's procedures for administering the benefits. Second, the plaintiffs argue jurisdiction can be found under 42 U.S.C. § 405(g) because their claims are collateral to the substantive claim and present colorable constitutional issues. We address each claim in turn.

A.

The Social Security Act provides for "[a]ny individual" to seek judicial review "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . by a civil action [brought in federal court and] commenced within sixty days . . . ." 42 U.S.C. § 405(g). Federal courts have jurisdiction, however, under the federal mandamus statute, 28 U.S.C. § 1361, to consider challenges to the procedures used in administering Social Security benefits. See Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 766-67 (5th Cir. 2011) (collecting cases). Mandamus may issue under § 1361 against an officer of the United States only in extraordinary situations and when the plaintiff can establish (1) "a clear and indisputable right to the relief sought," (2) the state officer "has a nondiscretionary duty to honor that right," and (3) there is "no other adequate remedy." Castillo v. Ridge, 445 F.3d 1057, 1060-61 (8th Cir. 2006). "In order for mandamus to lie[,] the duty owed to the plaintiff must be ministerial and a positive

-4-

command so plainly prescribed as to be free from doubt." Keeny v. Sec'y of the Army, 437 F.2d 1151, 1152 (8th Cir. 1971) (internal quotation omitted).

We affirm the district court's decision to reject the application of mandamus jurisdiction. As the district court held, there is no clear, nondiscretionary duty on behalf of the SSA to apply the Petersen decision to the plaintiffs. All plaintiffs had their benefits finally determined by the SSA prior to February 3, 2011. The AR applies only to applications made after that date. Thus, there is no clear, nondiscretionary duty found in the AR to apply the Petersen ruling to the plaintiffs. Under 20 C.F.R. § 404.987(b), the agency "may reopen a final determination or decision on [its] own initiative, or [the petitioner] may ask that a final determination or a decision to which [the petitioner was] a party be reopened. In either instance, if [the agency] reopen[s] the determination or decision, [it] may revise that determination or decision." Therefore, this regulation, which is permissive in nature, does not provide the necessary clear and non-discretionary duty for exercise of mandamus jurisdiction. Finally, the statute, 42 U.S.C. § 404(a), provides that when the Commissioner has determined that more or less than the correct amount of benefit payments have been made then a correction shall occur in accordance with Social Security regulations. This statute, which addresses "the correct amount of payment" rather than the initial benefits determination, is not applicable because the Commissioner has not made a finding that plaintiffs have not received the correct amount of payment and there is no requirement that the Commissioner make a such finding. Further, the regulations provide that "a change of legal interpretation or administrative ruling" does not constitute "good cause" for reopening a benefits determination. 20 C.F.R. § 404.989(b). Accordingly, the plaintiffs cannot establish that there is a clear, non-discretionary duty of the Commissioner to reconsider their benefits award, and thus the district court properly rejected the exercise of mandamus jurisdiction.

The plaintiffs contend that because they are not seeking an award of benefits, but rather they are challenging the procedures and formula used by the SSA to administer benefits, federal courts can exercise mandamus jurisdiction. They claim that their case is similar to the facts in Belles v. Schweiker, 720 F.2d 509 (8th Cir. 1983), wherein this court determined that mandamus jurisdiction was available. In Belles, the plaintiff was seeking notice and a hearing to contest the SSA's determination that she received an overpayment. 720 F.2d at 510. The Commissioner argued 42 U.S.C. § 405(h) precluded judicial review. Id. at 512. We noted that a decision in the plaintiff's favor there "would not entitle her to benefits, but would instead give her a right to notice and a prerecoupment hearing." Id. Accordingly, we held that jurisdictional limits of § 405 did not prohibit the exercise of mandamus jurisdiction where mandamus jurisdiction was otherwise appropriate. Id. The Belles court declined to consider whether the exercise of mandamus jurisdiction was appropriate in that case. Here, as explained above, mandamus jurisdiction is not warranted because there is no clear, non-discretionary duty to reconsider plaintiffs' benefits. Therefore, the holding in Belles does not support the plaintiffs' argument.

B.

Alternatively, plaintiffs claim that the federal courts have jurisdiction over this matter under 42 U.S.C. § 405(g). Section 405(g) provides for judicial review of "any final decision of the Commissioner . . . made after a hearing." Efinchuk v. Astrue, 480 F.3d 846, 848 (8th Cir. 2007) (quotation omitted). "Under § 405(g), courts generally lack jurisdiction to review the Commissioner's refusal to reopen the proceeding because a refusal to reopen the proceeding is not a 'final decision of the Commissioner . . . made after a hearing.'" Id. (quoting 42 U.S.C. § 405(g)). An exception to this rule exists where "the claimant challenges the refusal to reopen the proceeding on constitutional grounds." Id.

-6-

The plaintiffs claim two constitutional grounds that invoke the exception to § 405(g)'s jurisdiction limitations. The first is an equal protection claim. Plaintiffs argue that they are being treated differently than other National Guard Technicians who applied for benefits after February 3, 2011, and thus have the benefit of the Petersen ruling. Second, the plaintiffs contend that their due process rights are violated because they have vested right to increased benefits with no process available to them to vindicate that right.

Neither of these arguments present a colorable constitutional claim. As to plaintiffs' claim of an equal protection violation, the Supreme Court has explained that courts have an obligation when they apply a rule of law to one litigant to "do so with respect to all others not barred by procedural requirements or res judicata." James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 544 (1991); see also Harper v. Virginia Dept. of Taxation, 509 U.S. 86, 97 (1993) (holding that when the Supreme Court "applies a rule of federal law to the parties before it, that rule . . . must be given full retroactive effect in all cases still open on direct review"). Here, the plaintiffs had their benefits determined by the SSA prior to February 3, 2011. At the time of their benefits determination, they had an opportunity to bring to the courts the same argument presented successfully by the plaintiff in Petersen, but they failed to do so in a timely manner. Their benefits determination is final, and there is a procedural bar from reconsideration of those benefits. See Califano v. Sanders, 430 U.S. 99, 108 (1977) (holding that to allow a claimant to obtain judicial review of a closed decision "simply by filing–and being denied–a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in [§ 405(g)], to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims." (internal citation omitted)). Thus, the plaintiffs cannot now present a colorable constitutional claim on equal protection grounds that would justify the application of the exception to § 405(g)'s jurisdictional limitations.

Plaintiffs' due process claim also does not support application of an exception to § 405(g). Plaintiffs argue the SSA is obligated to implement some form of process for them to seek a recalculation of their benefits under the <u>Petersen</u> rule. As discussed above, plaintiffs had an opportunity to challenge the calculation of their benefits in the same manner as the plaintiff in <u>Petersen</u>. This provided constitutionally adequate due process, and there is no colorable due process violation alleged in the complaint. <u>See</u> <u>Lewellen v. Sullivan</u>, 949 F.2d 1015, 1016 (8th Cir. 1991) (rejecting plaintiff's claim of due process violation where plaintiff knew of his right to challenge the SSA's disability determination but deliberately failed to exercise that right).

III.

Accordingly, we affirm the district court's dismissal of the complaint for lack of jurisdiction.

_____