**Billy WHITMORE, Appellant,**

v.

**Otis R. BOWEN,\* Secretary of Health and Human Services, Appellee.**

No. 85–1126.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1985.

Decided March 12, 1986.

Bernhardt W. Klippel, III, Clayton, Mo., for appellant.

Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, HEANEY and FAGG, Circuit Judges.

HEANEY, Circuit Judge.

Billy Whitmore appeals from a district court[1] order denying his motion for summary judgment and granting the motion for summary judgment of the Secretary of Health and Human Services (Secretary). The district court's order affirmed the Secretary's decision denying Whitmore's application for social security disability benefits. For the reasons set forth below, we reverse.

## BACKGROUND

Whitmore is a fifty-year-old male with a tenth-grade education who has worked as an inspector, foreman, welder, and service station attendant. He claims that he became totally disabled no later than December 1, 1979, because of back pains, headaches, hearing loss, numbness in his left leg, a heart condition, vertigo, and a nervous condition.

Whitmore filed the present application[2] for benefits on October 7, 1982. The Social Security Administration denied his request, both initially and on reconsideration. Following a hearing on May 13, 1983, the administrative law judge (ALJ) found that Whitmore suffered from severe impairments which prevented him from performing his past relevant work. He also found, however, that Whitmore had the residual functional capacity to perform sedentary work, provided Whitmore could work in a clean air environment and could alternately stand or sit. The ALJ then concluded that Whitmore was not disabled, relying on the medical-vocational guidelines and on the testimony of a vocational expert. On October 18, 1983, the Appeals Council denied Whitmore's request for review. On January 18, 1985, the district court granted the Secretary's motion for summary judgment and denied Whitmore's motion for summary judgment.

## DISCUSSION

Once a claimant has shown an inability to perform his or her past relevant work, the burden shifts to the Secretary to show that the claimant is capable of performing other jobs in the economy. *Tucker v. Heckler,* 776 F.2d 793, 795 (8th Cir.1985); *Allred v. Heckler,* 729 F.2d 529, 531 (8th Cir.1984). Here, the Secretary found that Whitmore was not able to return to his past relevant work. The Secretary was therefore required to establish with substantial evidence that Whitmore was capable of performing other work.

The Secretary found that "[b]ased on an exertional capacity for sedentary work, and the claimant's age, education, and work experience, [the guidelines] would direct a conclusion of 'not disabled.'" In so doing, the Secretary begged the question, as he had expressly found that Whitmore could not perform the full range of sedentary work. The question then becomes whether, in light of this fact and Whitmore's exertional and nonexertional impairments, there was work in the national economy which Whitmore could perform. Although the Secretary did call a vocational expert to answer this question, the hypothetical posed to the expert was improper.

This Court has repeatedly stated that in order for the testimony of a vocational expert to qualify as substantial evidence, the hypothetical question posed to the expert must precisely describe the claimant's impairments. *See e.g., Gilliam v. Califano,* 620 F.2d 691, 693–94 (8th Cir.1980). In *Stephens v. Secretary of Health, Education and Welfare,* 603 F.2d 36, 41–42 (8th Cir.1979), we stated that this Court will not assume that a vocational expert is able to remember all of a claimant's impair-

---

1. The Honorable James H. Meredith, United States District Judge for the Eastern District of Missouri.

2. Whitmore has received disability benefits for previous periods because of his back problems.

ments simply by being referred to the record. In the case before us, the hypothetical question to which the expert responded described only Whitmore's age, education, clean atmosphere requirement, and his need to alternate between sitting and standing. It did not refer to many of Whitmore's other impairments, even those that the ALJ admitted had been established by medical evidence.[3] Since the hypothetical did not precisely describe Whitmore's impairments, the expert's testimony cannot be considered to be substantial evidence supporting the Secretary's determination that Whitmore is capable of performing work.

Accordingly, the judgment is reversed and remanded to the district court with directions to remand the claim to the Secretary for further proceedings consistent with this opinion. The vocational witness should be recalled and given the opportunity to respond to an appropriate hypothetical. Thereafter, a determination must be made whether the Secretary has carried his burden of establishing whether Whitmore is capable of engaging in substantial gainful activities.

---

**3.** Although the Secretary did not find credible Whitmore's complaints of disabling back pain, headaches, vertigo, functional limitations, and fatigue, he stated that "[t]he medical evidence establishes that the claimant has severe impair- ments including low back disease with confirmed bulging discs, bilateral hearing loss, abnormalities on chest x-ray, and undiagnosed psychiatric disease." Administrative Record at 13.