LaDonna HOGG, Appellant,

v.

Donna E. SHALALA, Secretary of Health and Human Services, Appellee.

No. 94–2552.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1994.

Decided Jan. 23, 1995.

John Bowman, Davenport, IA, argued, for appellant.

Gary Hayward, Asst. U.S. Atty., argued (Jamie G. Crawford, Asst. Regional Counsel, Dept. of Health and Human Services, on the brief), for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BARNES,* District Judge.

HEANEY, Senior Circuit Judge.

LaDonna Hogg filed an application for Supplemental Security Income (SSI) benefits on February 14, 1991, alleging disability since mid–1988.[1] Hogg's claim was denied

---

* The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas, sitting by designation.

1. Hogg previously filed an application for SSI benefits on November 2, 1988, which was denied by an administrative law judge. The Appeals Council denied review and Hogg appealed the Council's decision in federal district court. The district court affirmed the Secretary's decision. The issue for the purpose of this appeal is whether Hogg was disabled on or after February 14, 1991, the date she filed her second application for benefits.

administratively. She filed an appeal in the United States District Court for the Southern District of Iowa, and that court affirmed the Secretary's decision. Hogg subsequently appealed to this court. After a careful review of the record and briefs, we reverse and remand with directions to the Secretary to order the payment of SSI benefits to Hogg.

■ The applicable standard of review is whether substantial evidence on the record as a whole supports the Secretary's finding of no disability within the meaning of the Social Security Act, 42 U.S.C.A. § 405(g). *McMillian v. Schweiker*, 697 F.2d 215, 220 (8th Cir.1983). For the reasons stated below, we do not believe that the evidence supports such a finding.

Hogg was born on December 11, 1962, and was twenty-eight years old on the date she protectively filed her current application for SSI benefits. Hogg only has a tenth grade *special* education. Psychological tests reveal that she is of borderline intelligence with a developmental age of eight to eleven under the Bender Visual–Motor Gestalt Test; has achieved a third grade spelling level and a less than third grade reading level; can perform arithmetic at the fourth grade level; and has a full-scale IQ of 76.

Hogg's work record in the competitive workplace is negligible. She has not worked since 1988. Prior to that she worked as a nurse's aide in 1986 for a short time, earning $3.35 per hour, and worked one summer as an office clerk at a local police department—a job she obtained through a Comprehensive Employment and Training Act (CETA) program. Hogg has a history of severe gastroesophageal reflux and recurrent gastritis.

The Administrative Law Judge (ALJ) determined that, notwithstanding that Hogg has a combination of severe impairments and is unable to perform her past relevant work as a nurse's aide, jobs exist in significant numbers in the national and local economies that she can perform. Among the jobs the ALJ found that she can perform are document preparer, sorter, checker and reviewer, production assembler, and hand packager. We disagree with the ALJ's findings that Hogg can perform these jobs.

■ First, the record does not support the ALJ's findings that Hogg has, in fact, performed past relevant work and is capable of full-time work in the national or local economies. Hogg's work as a nurse's aide was for such a short time period that it can hardly be deemed "relevant." Likewise, Hogg's brief participation as an office clerk in a CETA work program is not substantial activity, *see* 20 C.F.R. § 416.972(c) (1994), and therefore cannot be considered as past relevant work. *Baker v. Secretary of Health & Human Serv.*, 955 F.2d 552, 557 (8th Cir.1992); *cf. Pickner v. Sullivan*, 985 F.2d 401, 403 (8th Cir.1993) (claimant's work as secretary/bookkeeper and apartment manager was "substantial" because it involved significant physical and mental activities and was "gainful" because it is the kind of work usually done for pay or profit). Additionally, given Hogg's borderline intelligence and lack of any real work experience, we find no support in the record for the ALJ's finding that Hogg has the physical and mental abilities to perform full-time competitive work. We note that Hogg was referred to a vocational rehabilitation agency, which was unable to locate an employer who was willing to employ her.

■ Second, the record does not support the ALJ's finding that Hogg's daily activities are inconsistent with her allegations of disabling impairments. On this point the ALJ stated:

> The claimant is divorced and her children live with her ex-husband. She lives with her mother who provides free shelter and food. The claimant does perform household chores including cooking two times a day, washing dishes, doing laundry twice a week, making the beds, and cleaning twice a week. She shops once a week. She listens to the radio, crochets, and has daily social contacts. She drives a car. She is up for a full day arising at 8:00 to 10:00 in the morning and retiring at 10:00 to 11:00 in the evening.

Ad. Record at 104. We have repeatedly stated that the ability to do activities such as light housework and visiting with friends provides little or no support for the finding that a claimant can perform full-time competitive work. *Harris v. Secretary of DHHS,*

959 F.2d 723, 726 (8th Cir.1992); *Thomas v. Sullivan,* 876 F.2d 666, 669 (8th Cir.1989).

 Finally, the hypothetical question the ALJ posed to the vocational expert concerning Hogg's past relevant work and ability to perform other work was based on false assumptions and was thus improper. The ALJ, in examining the expert, initially commented that he had some doubt whether Hogg's work as a nurse's aide and an office clerk was performed long enough to be considered as past relevant work. *Id.* at 200. In concluding his questioning of the expert, the ALJ posed the following hypothetical question: "[A]ssum[ing] that ... [Hogg] has a past relevant work history ... and [assuming further] that she is capable of performing work-related activities ... of a light nature[,] ... could she perform a full or wide range of light work in the unskilled category?" *Id.* at 202–03. The only answer the expert could have been expected to give was an affirmative one, and that is precisely the answer the expert gave. The ALJ's assumption as to Hogg's ability to perform past relevant work finds no support in the record and is thus invalid. His second assumption as to Hogg's ability to perform work of a light nature is similarly belied by the record and is therefore also invalid. We have held that, insofar as a claimant's impairments and allegations of pain are concerned, in order for the testimony of a vocational expert to qualify as substantial evidence, the hypothetical question posed to the expert must precisely describe the claimant's condition. *Whitmore v. Bowen,* 785 F.2d 262, 263 (8th Cir.1986); *Ledoux v. Schweiker,* 732 F.2d 1385, 1388 (8th Cir.1984). Given the degree of accuracy demanded of ALJs in their questioning of vocational experts, we believe that the hypothetical question the ALJ asked the expert concerning Hogg's past relevant work and ability to perform other work was improper.

 In summary, we hold that the Secretary's finding that work exists in the national and local economies that Hogg can perform on a full-time basis in the competitive workplace is not supported by substantial evidence on the record as a whole. We therefore reverse and remand with directions to the Secretary to pay SSI benefits to Hogg from the date of her most recent application.

FAGG, Circuit Judge, dissenting.

I do not believe the record permits my colleagues to impose their compassionate solution on the Secretary. The Secretary's decision embodies a correct application of the controlling legal principles and is supported by substantial evidence on the record as a whole. In these circumstances, the court is not at liberty to reverse the Secretary's decision "merely because substantial evidence would have supported an opposite decision." *Smith v. Shalala,* 987 F.2d 1371, 1374 (8th Cir.1993) (quoting *Baker v. Heckler,* 730 F.2d 1147, 1150 (8th Cir.1984)). The Secretary's decision should be affirmed.