# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 96-1929

———————

Anna Mickelis,

      Appellant,

      v.

John J. Callahan, Commissioner
of Social Security,

      Appellee.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*  [UNPUBLISHED]
\*
\*

———————

Submitted:  March 4, 1997

Filed:  April 16, 1997

———————

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

———————

PER CURIAM.

Anna Mickelis appeals the District Court's grant of summary judgment affirming the decision of the Social Security Commissioner to deny her supplemental security income (SSI) benefits.  We reverse and remand with instructions to the District Court to remand the case to the Commissioner for further proceedings.

In her September 22, 1992 application for SSI benefits, Mickelis alleged disability beginning October 18, 1991, due to seizures; her application was denied initially and on reconsideration.  At a hearing before an Administrative Law Judge (ALJ), Mickelis complained of leg pain from varicose veins and

recounted her sporadic work history, including work as a trimmer operator, gambling ticket machine tender, cashier/waitress, motel maid, and day-care worker. Mickelis testified that she was terminated from her job as a maid because she did not clean enough rooms. She also testified she last worked in 1986 or 1987 at Burger King, but she was fired after two weeks, she thought, because she was too slow and unable to wrap breakfast sandwiches quickly enough. Other evidence established that Mickelis suffers from varicose veins and a seizure disorder under reasonable control.

Pursuant to a request by Mickelis's attorney at the hearing, the ALJ ordered a psychiatric evaluation. The psychiatrist diagnosed Mickelis with depression, present all her life and with some awareness of her limitations, and mixed developmental disorder. The psychiatrist described Mickelis's ability to follow work rules, relate to co-workers, and interact with supervisors as good, but her ability to deal with the public, use judgment, deal with work stresses, function independently, and maintain attention and concentration as poor. He noted that Mickelis was friendly and conscientious, but had limited education and poor recent memory and problem-solving abilities. He stated that Mickelis had no ability to understand, remember, and carry out complex or detailed job instructions, and poor ability to understand, remember, and carry out simple instructions. He noted that her ability to maintain her personal appearance, behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability were good. It was his opinion that Mickelis would need a prolonged period of supported employment in order to master a job, and that she was unable to manage benefits in her own best interest.

In a December 1993 decision, the ALJ determined that the evidence established that Mickelis had severe varicose veins, mixed

developmental disorder, and a seizure disorder, but that she did not have a listed impairment or combination of impairments. The ALJ found that Mickelis is limited to sedentary work due to the pain in her legs, but he rejected her testimony that she must elevate her legs. The ALJ acknowledged the psychiatrist's findings concerning Mickelis's inability to follow instructions, but noted that Mickelis exhibited "certain strengths" and believed that she would be a good worker after a period of supported employment. The ALJ found that Mickelis's mental impairments did not prevent her from performing her past relevant work, because (1) Mickelis's allegations of disabling mental impairments surfaced only on appeal, after it was clear her exertional impairments were not disabling, and (2) Mickelis's impairments were life-long and had not prevented her from working in the past. The ALJ concluded that Mickelis could return to her past work, making gambling tickets or wrapping sandwiches.

The Appeals Council denied review, and Mickelis appealed to the District Court. The District Court granted summary judgment to the Commissioner.

We will affirm the Commissioner's denial of SSI benefits unless it is unsupported by substantial evidence in the record as a whole or based on legal error. See Newton v. Chater, 92 F.3d 688, 691-92 (8th Cir. 1996).

We conclude that the ALJ's determination that Mickelis is able to return to her past work as a machine tender or sandwich wrapper is not supported by substantial evidence, as the ALJ failed to consider the impact of Mickelis's mental impairments on her ability to do these jobs. See Nimick v. Secretary of Health & Human Servs., 887 F.2d 864, 866-68 (8th Cir. 1989). The psychiatrist found that Mickelis suffers from a number of functional impairments

that appear to be inconsistent with the ability to perform her past work and opined that Mickelis required a period of work in a supported environment. There is no indication that her past work provided such an environment. Because the ALJ agreed that a psychiatric evaluation was necessary and ordered one, he may not disregard the findings of that evaluation merely because they do not comport with his determination. Cf. Pratt v. Sullivan, 956 F.2d 830, 834 (8th Cir. 1992) (per curiam) (holding that ALJ may not substitute his own unsubstantiated conclusion concerning mental impairment for express diagnosis of examining psychiatrist). The ALJ also was not free to discount the psychiatric evaluation based on Mickelis's failure to allege a disabling mental impairment on her application for benefits, because the evidence suggests that Mickelis's mental impairments may have kept her from appreciating the extent of her impairments.

We also conclude that the ALJ failed to develop the record appropriately because he did not obtain an IQ test, which was needed for his analysis of Mickelis's developmental disorder under section 12.05 of the impairment listings. See Boyd v. Sullivan, 960 F.2d 733, 736 (8th Cir. 1992) (holding that ALJ has burden to develop record fully and fairly, even if claimant is represented by counsel, which includes duty to order examination if claimant's records do not provide enough information); 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05 (1996).

Even apart from Mickelis's mental impairment, we find no support in the record for the conclusion that Mickelis's job at Burger King--which lasted only two weeks and which Mickelis apparently was unable to perform--qualifies as past relevant work. See Hogg v. Shalala, 45 F.3d 276, 278 (8th Cir. 1995) (concluding that claimant's work as nurse's aide for "short time period" was not relevant work). Moreover, the ALJ found that Mickelis is

limited to sedentary work, but there is no evidence that her job at Burger King was a sedentary job. Two similar jobs listed in the Dictionary of Occupational Titles--fast-foods worker and waiter/waitress, take out--are classified as light work, not sedentary work. See Dictionary of Occupational Titles 241 (4th ed. 1991). Additionally, the ALJ did not explicitly consider the impact of Mickelis's seizure disorder on her ability to perform her past work as a machine tender, a job that she held before contracting her seizure disorder; we note that non-examining agency physicians indicated that Mickelis should avoid all exposure to machinery. See Sells v. Shalala, 48 F.3d 1044, 1046 (8th Cir. 1995) (holding that ALJ must investigate fully and make explicit findings as to physical and mental demands of claimant's past relevant work and compare these findings with claimant's capabilities; conclusory finding that claimant can perform past relevant work without these findings does not constitute substantial evidence supporting denial of benefits).

We find no error in the ALJ's rejection of Mickelis's allegation that she must elevate her legs throughout the day to alleviate pain, as the ALJ properly evaluated Mickelis's subjective complaints using the factors specified in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984).

On remand, if the ALJ determines after further review that Mickelis cannot perform her past relevant work, any hypothetical question posed to a vocational expert must take into account all of Mickelis's impairments, including mental impairments. See Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996).

For the reasons stated, we reverse and remand this matter to the District Court with instructions to remand to the Commissioner for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.