Rosalie A. **ROESCH**, Plaintiff,

v.

Kenneth S. **APFEL**, Commissioner of Social Security, Defendant.

No. 4:CV96–3464.

United States District Court, D. Nebraska.

Sept. 1, 1998.

Stephen L. Speicher, Lincoln, NE, for Plaintiff.

Susan L. Knight, Assistant United States Attorney, Lincoln, NE, for Defendant.

## MEMORANDUM AND ORDER

KOPF, District Judge.

This is a social security case, albeit a complex and unusual one. The question in this case is not whether the plaintiff is disabled, but when her payments should start. Procedurally, this case comes to me as if on cross motions for summary judgment. (Filing 5.)

Rosalie A. Roesch (Roesch) makes two arguments. They are: (1) the Appeals Council erred when it reversed the ALJ's decision to reopen a prior application and award her benefits starting on March 2, 1993; (2) Roesch is entitled to benefits starting before March 2, 1993, and the ALJ and the Appeals Council erred in not awarding her a start-date prior to March 2, 1993.

Pursuant to 42 U.S.C. § 405(g), the Commissioner concedes that the court has jurisdiction to review the decision of the Appeals Council regarding the March 2, 1993 start-date for benefits. (Filing 13 ¶ 3.) The Commissioner denies that the court has subject matter jurisdiction under section 405(g) to review whether Roesch is entitled to a start-date prior to March 2, 1993.

I will reverse and order the Commissioner to award benefits starting March 2, 1993. I also find that the court lacks subject matter jurisdiction under 42 U.S.C. § 405(g) to re-view Roesch's claim that she is entitled to benefits starting before March 2, 1993, and that the Appeals Council erroneously refused to remand for the appointment of a medical advisor to prove that point. To the extent the plaintiff also claims that the Commissioner violated her constitutional rights when the Appeals Council refused to remand for the appointment of a medical advisor, I find that the court has jurisdiction over that question but the argument is meritless.

## I. Facts and Procedural History

In this section of the opinion I provide background. I then provide a more detailed chronology of the facts and procedural history.

### A. Background

In order to understand this case, it is helpful to know that there were two applications for SSI benefits. It is also helpful to know that there were two "reopenings."

A 1992 application for SSI benefits was denied at the administrative level and never appealed. A 1994 application for SSI benefits was ultimately granted, with benefits starting on March 2, 1993. In the course of deciding the 1994 application, the ALJ reopened the 1992 application. The ALJ's decision was not appealed by the plaintiff or the Commissioner within the time stipulated for review, but the ALJ's decision was later reopened and amended by the Appeals Council.

It is the ALJ's decision on the second application, involving the reopening of the first application, and the later decision of the Appeals Council to reopen the ALJ's decision, thereby denying Roesch the March 2, 1993 start-date for payments, which forms the grounds for dispute. Related to that issue is the decision of the Appeals Council not to remand for the appointment of a medical advisor. The remand was sought by the plaintiff to obtain a start-date that was even earlier than the March 2, 1993 date found by the ALJ.

### B. Chronology

With the foregoing introduction in mind, a more specific chronology of what happened will further illuminate the issues in this case. I provide that chronology next.

Roesch applied for SSI on August 11, 1992. (Tr. 98–100.) Her application was denied on December 4, 1992. (Tr. 102–05.) Despite being provided with notice and an opportunity to seek further review, Roesch admits that she did not seek further review.

In the first application, Roesch said that she was disabled because she had hernias, angina, and low blood pressure. (Tr. 106.) The Commissioner considered various reports from doctors, including treating doctors, and hospitals in arriving at the decision to deny the application. The Commissioner ultimately concluded that Roesch could do her past relevant work as a waitress. (Tr. 116.)

Roesch applied for SSI again on June 13, 1994. (Tr. 132–35.) As she had in her first application (Tr. 98), Roesch claimed that her disability began in 1991. (Tr. 132.) As she had in her first application, Roesch claimed that she suffered from numerous physical problems. (Tr. 160.) She also added new complaints of mental problems. (*Id.*)

This second application was initially denied on September 1, 1994. (Tr. 137) Upon reconsideration, however, on March 20, 1995, it was determined that the plaintiff was disabled as of April of 1994 and that the plaintiff was entitled to payments starting with her second application. (Tr. 141.) The Commissioner determined that Roesch was suffering from dysthymia and depression sufficient to disable her and that such disability started in April of 1994. (Tr. 200–01; 220.) The Commissioner did not attempt to reopen the earlier 1992 application. (*Id.*)

Because Roesch thought that she was disabled "earlier than April 1994[,]" on May 10, 1995 she requested a hearing before an ALJ. (Tr. 145.) At the time she made this request, and at all times thereafter, Roesch was represented by her present lawyer. (*Id.*) Roesch explicitly requested reopening of the first application in a letter to the ALJ dated February 13, 1996. (Tr. 417.)

Various hearings were held before an ALJ, and the judge issued her opinion on May 31, 1996. (Tr. 38.) The ALJ found that Roesch had filed an application for SSI on August 11, 1992 that was denied on December 4, 1992. The ALJ, citing "Section 404.1688(b)" (Tr. 28) and then "Section 416.1488(b)" (Tr. 37)

decided to reopen the 1992 application because of "new" and "material" evidence relating to Roesch's mental status. (*Id.*)

This evidence showed that Roesch had mental problems dating back to 1983 and that by March 2, 1993 she was clearly disabled as a result of these problems. (Tr. 32–34.) The Commissioner does not dispute that the evidence was both "new" and "material" when compared to the 1992 application.

Once reopened, the ALJ found that Roesch was in fact disabled prior to April of 1994. The ALJ believed that Roesch became disabled on March 2, 1993 as opposed to April 22, 1991, as claimed by Roesch. (Tr. 36.) The ALJ found that the plaintiff suffered from "bipolar disorder with depression, status post single vessel coronary artery bypass graft (1983), and status post left inguinal hernia repair." (*Id.*) The bipolar disorder with depression was found to be disabling within the meaning of the Social Security laws. (Tr. 37.) The ALJ awarded benefits "commencing March 2, 1993." (Tr. 38.)

The ALJ concluded that Roesch was disabled as of March 2, 1993 because on that date an objective psychological test (the MMPI) unmistakably revealed that Roesch could not work in any competitive setting. (Tr. 35.) The ALJ also found that before March 2, 1993 there was no persuasive evidence to show that Roesch's mental problems disabled her. (*Id.*) Although she suffered from medical problems, none of these, singly or collectively, were severe enough to disable Roesch at any time. (*Id.*)

Roesch concedes that she did not appeal the ALJ's May 31, 1996 decision. (Filing 10 ¶ 8.) The Commissioner did not seek review either. However, on August 26, 1996, the Appeals Council notified Roesch that it planned to reopen and revise the ALJ's decision. (Tr. 16.)

The Appeals Council explained that the ALJ erred because given the correctness of the finding that Roesch could work until March of 1993, the December 4, 1992 decision must have also been correct. (Tr. 16–17.) In other words, if Roesch could have worked until March of 1993, then she was not disabled when her application was denied in

1992. In this letter, the Appeals Council gave Roesch thirty days to respond. (Tr. 17.)

On September 25, 1996, through her counsel, Roesch responded to the Appeal's Council notice of intention to reopen. (Tr. 9–11). She argued that the ALJ was wrong in deciding that she was not disabled prior to March 2, 1993. (*Id.*) Therefore, Roesch argued that the case should be remanded to the ALJ for the appointment of a medical advisor. (Tr. 11)

On October 17, 1996 the Appeals Council reopened and reviewed the ALJ's May 31, 1996 decision. It concluded that the original decision denying the 1992 application was "correct" since Roesch was found not to be disabled prior to March 2, 1993 and the 1992 application should not, therefore, have been "reopened." (Tr. 15.) Accordingly, "entitlement to supplemental security income benefits [can be] based [solely] on the [second] application filed on June 14, 1994 . . . ." (*Id.*) On December 13, 1996, the plaintiff sought judicial review in this court. (Filing 1.)

On January 2, 1997 the Appeals Council responded to Roesch's request to appoint a medical advisor. According to the Council, such an expert was not necessary. (Tr. 6.) Subsequently, and with permission of the court, Roesch amended her complaint and arguably raised her dissatisfaction with the January 2, 1997 decision. (Filing 10.)

The October 17, 1996, decision of the Appeals Council to reopen and amend the ALJ's May 31, 1996, decision regarding the March 2, 1993 start-date is the final decision of the Commissioner on that issue. The January 2, 1997 decision of the Appeals Council refusing to remand for the appointment of medical

advisor so that Roesch might obtain an earlier start-date is the final decision on that issue.

## II. Discussion

I turn first to Roesch's argument that she is entitled to the benefits that the ALJ awarded starting March 2, 1993. I then examine her request to review the Appeals Council decision refusing to remand for the appointment of a medical advisor so that she could obtain an even earlier start-date.

### A. The March 2, 1993 Start–Date

The Commissioner concedes that this court has subject matter jurisdiction to review the Appeals Council decision of October 17, 1996 reversing the ALJ's decision on the March 2, 1993 start-date.[1] Moreover, the Commissioner now appears to change his position on why the Appeals Council should be affirmed. Rather than contending the Appeals Council decision was correct for the substantive reasons articulated by the Appeals Council,[2] the Commissioner argues that the ALJ's decision to reopen the 1992 application was procedurally untimely. According to the Commissioner, the decision to reopen came more than two years after the 1992 application had been denied.

The Commissioner further concedes that Roesch was disabled on March 2, 1993. Likewise, the Commissioner does not dispute that there was new and material evidence justifying reopening of the 1992 application.[3] He appears only to argue that Roesch was too late in requesting the reopening of her 1992 application. Thus, the primary question before the court on the March 2, 1993 start-date is whether the ALJ timely reopened the first application.

---

1. As the Commissioner states, "Contrary to plaintiff's assertion, defendant has never claimed that the court did not have jurisdiction over the Commissioner's final decision. Jurisdiction was acknowledged under 42 U.S.C. § 405(g) in both the original and amended answers." (Def's Ans. Br. at 3–4 (March 18, 1998)).

2. As noted earlier, the Appeals Council reasoned that if Roesch was not disabled until March 2, 1993 then the denial of the first application in December of 1992 must have been correct. Such reasoning, however, overlooks the "relation back" significance of reopening. If Roesch's 1992 application was "in effect" because of the

ALJ's decision to reopen the application, then the regulations provide that Roesch is entitled to benefits relating back to the first date she became disabled after the 1992 application. To avoid this argument, counsel for the Commissioner takes a different approach in this court and argues that reopening was not timely.

3. As noted earlier, this new and material evidence showed, among other things, that Roesch had mental problems that began prior to the 1992 application. For example, the new evidence showed that Roesch twice tried to kill herself.

### 1. Subject Matter Jurisdiction

▮ Even though the Commissioner concedes subject matter jurisdiction regarding the March 2, 1993 start-date issue, I must satisfy myself that jurisdiction exists. In this case, that question is not as easy as it might seem.

▮ A "federal district court's jurisdiction to review the Secretary's decisions regarding disability benefits is governed by 42 U.S.C. § 405(g), which provides review only of a 'final decision of the Secretary made after a hearing.'" *Boock v. Shalala*, 48 F.3d 348, 351 (8th Cir.1995). The Commissioner correctly concedes that the court has jurisdiction to review Roesch's argument that she is entitled to a March 2, 1993 start-date under section 405(g). There was a final decision on the question which was made after a hearing and her complaint was filed in this court within 60 days as required by section 405(g). Accordingly, this court has subject matter jurisdiction over the first argument.

Some explanation, however, is necessary because the jurisdictional issue is complex, and an understanding of this complexity is helpful when I review the merits of the plaintiff's first argument and the question of jurisdiction regarding the plaintiff's second argument. There were *two* reopenings in this case. One reopening occurred at the ALJ level and it dealt with whether the first application should be reopened. The second occurred at the Appeals Council level, and it dealt with whether the ALJ's reopening decision should itself be reopened regarding the March 2, 1993 start-date. It is the second reopening that is important for jurisdictional purposes.

When the ALJ decided on May 31, 1996 to reopen the 1992 application, both Roesch and the Secretary had the right within 60 days to seek *review* of the ALJ's decision. *Compare* 20 C.F.R. § 416.1468 (60 day limit for claimant to request review) *with* 20 C.F.R. § 416.1469 (60 day limit for Appeals Council initiation of review). Neither the plaintiff nor the Commissioner sought review within 60 days.

Therefore, absent some other legally permissible action, the decision of the ALJ would have been the final decision of the Commissioner. 20 C.F.R. § 416.1466(b) (effect of an administrative law judge's decision). In other words, the Commissioner and the plaintiff would have been bound by the ALJ's decision *unless* the Commissioner had the right to reopen the ALJ's otherwise final decision. Moreover, since judicial review of the ALJ's decision was not sought within 60 days as permitted by section 405(g), this court would lack subject matter jurisdiction under section 405(g) to review the ALJ's March 2, 1993 start-date decision *unless* the Commissioner had the right to reopen the otherwise final decision of the ALJ.

The Commissioner concedes that he did not have a right to reopen for "any reason" despite a contrary statement (Tr. 16) by the Appeals Council. *See* 20 C.F.R. § 416.1488(a) (The Commissioner has the right to reopen applications for SSI benefits within one year of the "date of the notice of the initial determination" for "any reason.") The "date of the notice of the initial determination" in this case was September 1, 1994 (Tr. 137) when the second application was initially denied. The Commissioner therefore agrees that he could not reopen for "any reason" as more than one year had elapsed from September 1, 1994 when he reopened; that is, the August 26, 1996 reopening notice came more than 1 year after September 1, 1994.

Nevertheless, the Commissioner had the right to reopen within two years of the "date of the notice of the initial determination" if he had "good cause." 20 C.F.R. § 416.1488(b). "Good cause" means one of three things: (1) new and material evidence is furnished; (2) a clerical error was made; or (3) the evidence that was considered in making the determination or decision clearly shows on its face that an error was made. 20 C.F.R. § 416.1489(a).[4]

The "date of the notice of the initial determination" on the 1994 application was September 1, 1994 (Tr. 137) and the Commissioner gave notice of reopening on August 26, 1996. (Tr. 16.) The reopening by the Ap-

---

4. A decision may also be reopened at "any time" for "fraud" or "similar fault." 20 C.F.R. § 416.1488(c). The parties do not contend that this regulation applies here.

peals Council of the ALJ's decision was thus timely because it was within two years of the "date of the notice of the initial determination."

When the Appeals Council reopened the ALJ's decision, it believed that "the evidence [that was] considered by the ALJ 'in making the determination or decision clearly show[ed] on its face that an error was made.'" (Def's Ans. Br. at 5 n. 2 (March 18, 1998)) (citing 20 C.F.R. § 416.1489(a)(3)). Consequently, the Appeals Council reviewed the sufficiency of the evidence. To be specific, the Appeals Council did not hold that Roesch had no right to a hearing before the ALJ on the reopening question because of administrative res judicata. Put simply, the Appeals Council reopened the ALJ's decision on the merits to the extent of the March 2, 1993 start-date question.

The reopening of the ALJ's decision by the Appeals Council to review the merits (the sufficiency of the evidence) is important for jurisdictional purposes. Since the Commissioner failed to seek review of the ALJ's decision within 60 days as provided by 20 C.F.R. § 416.1469 (60 day limit for Appeals Council initiation of review), the Council's scope of review was limited. The Appeals Council was limited to reopening for "good cause" under section 416.1488(b). The "good cause" relied upon by the Appeals Council was the fact that "the *evidence* considered by the ALJ in 'making the determination or decision clearly show[ed] on its face that an error was made.'" (Def's Ans. Br. at 5 n. 2 (March 18, 1998)) (citing 20 C.F.R. § 416.1489(a)(3)) (emphasis added).

The fact that the Appeals Council reopened the merits of the ALJ's decision pursuant to section 416.1488(b), as opposed to reviewing the decision under section 416.1469 and applying administrative res judicata, means that this court has subject matter jurisdiction under section 405(g) to review the March 2, 1993 start-date issue. *Compare Jelinek v. Heckler,* 764 F.2d 507, 508–09 (8th Cir.1985) (where disability claim had been reconsidered on the merits, it was properly treated as having been reopened as a matter

of administrative discretion; consequently, final decision of the Secretary denying claim was also subject to judicial review to the extent it had been reopened) *with Johnson v. Sullivan,* 936 F.2d 974, 975 (7th Cir.1991) (the ALJ denied benefits but reopened a prior application in the course of denying benefits; claimant sought review before the Appeals Council; Appeals Council sustained the denial of benefits but also held that the claimant was not entitled to reopening because of administrative res judicata; the court held that "refusal to reopen or a decision to apply administrative *res judicata* is a discretionary one not subject to judicial review.") (citations omitted).

In summary, there was a final decision on the March 2, 1993 start-date issue when the ALJ reopened the 1992 application, the decision was made after a hearing, the Appeals Council addressed the merits of that decision when it reopened the ALJ's decision, and the plaintiff's complaint was filed in this court within 60 days of the adverse decision of the Appeals Council as required by section 405(g). Under these circumstances, this court has subject matter jurisdiction under section 405(g) to review the March 2, 1993 start-date issue.[5]

#### 2. Scope of Review

▋ As to the scope of review, when jurisdiction is vested under section 405(g), and the question raised in this court is factual in nature, this court employs the "substantial evidence on the record as a whole" standard. *See, e.g., Hogg v. Shalala,* 45 F.3d 276, 278 (8th Cir.1995) (substantial evidence on the record as a whole failed to support the ALJ's finding that SSI claimant was not disabled). If, on the other hand, jurisdiction is vested under section 405(g) and the question raised is legal in nature, this court reviews the legal question de novo. *See, e.g., Glass v. Shalala,* 43 F.3d 1392, 1395 (10th Cir.1994) (failure to apply proper legal standard is sufficient grounds for reversal of a benefits determination independent of substantial evidence analysis). *See also* Carolyn

**5.** Because the court has subject matter jurisdiction under section 405(g) and because I find that the Appeals Council erred in reversing the ALJ on the March 2, 1993 start-date, I do not reach

the plaintiff's alternative argument that the Council's reversal of the ALJ's decision violated Roesch's constitutional rights.

A. Kubitschek, *Social Security Disability* § 8:3 at 492 (1994) (the substantial evidence standard "is not the standard of review for legal questions, which the courts review de novo.")

### 3. The ALJ's Reopening of the First Application was Timely

■ If the reopening of the 1992 application by the ALJ was timely, then that reopening allowed the benefits sought in the 1994 application to start as of the first date the claimant was disabled after the "reopened" 1992 application was first submitted; that is, if reopening was timely, the disability payments sought in the 1994 application would "relate back" to the earliest date of disability following the 1992 application. *Compare* 20 C.F.R. §§ 416.330 & 416.330(a) ("If there is a hearing decision, your application will remain in effect until the hearing decision is issued.... If you meet all the requirements for eligibility while your application is in effect, we will pay you benefits from the first month that you meet all the requirements.") *with* 20 C.F.R. §§ 416.1487(a), 416.1488(b) & 416.1489(a)(1) ("[A] determination or a decision made in your case which is otherwise final and binding may be reopened and revised by us" if "[w]ithin two years of the date of the notice of the initial determination ... we find good cause" such as "[n]ew and material evidence.")

In short, once the ALJ reopened the 1992 application, that application was "in effect" until the ALJ's 1996 hearing decision on the 1994 application. As a result, the Commissioner is required to pay "benefits from the first month that [the claimant] meet[s] all the requirements." 20 C.F.R. § 416.330(a). The "relation back" theory for benefits has been employed by the Commissioner in other cases. *See, e.g., Boock v. Shalala,* 48 F.3d at 350 (Appeals Council construed 1988 application "as an implied request to reopen [the claimant's] 1986 application"; the Appeals Council found that the "new evidence provided good cause to reopen" the 1986 application; Appeals Council found that the reopening was timely and thus "the Appeals Council

granted [the claimant] benefits from his 1986 application").[6] *See also* Carolyn A. Kubitschek, *Social Security Disability* §§ 6:49–6:57 & 7.39–7:40 (discussing reopening, administrative res judicata, SSI and the period covered by prior applications).

The Commissioner argues that the reopening of the 1992 application was untimely under section 416.1488(b) of the regulations because the ALJ's decision on May 31, 1996 was more than two years after the 1992 application was denied on December 4, 1992. While it is true that the decision was more than two years after the denial, the Commissioner's focus on the ALJ's May 31, 1996 decision is incorrect. In short, the Commissioner uses the wrong measuring date.

■ The regulations require only that a claimant make a *request* to reopen within two years of the *"initial determination."* 20 C.F.R. § 416.1488(b) (emphasis added). Moreover, except for the requirement that the request be in writing, there is no requirement that the request take a particular form. *See, e.g.,* Carolyn A. Kubitschek, *Social Security Disability* § 6:51 at 409 & n. 72 ("A request to reopen is a paper request only" and "It must be in writing.") (quoting and citing Program Operation Manual System). Still further, as the Commissioner's conduct in *Boock v. Shalala,* 48 F.3d at 350, proves, a second application may constitute a request to reopen a prior application.

The 1994 application, requesting an onset date in 1991, was filed on June 13, 1994. Thus, the filing date of the 1994 application was within two years of December 4, 1992, the date of the "initial determination" on the 1992 application. By virtue of the requested 1991 onset date, the 1994 application directly called into question the propriety of the 1992 denial. Consequently, the second application constituted an "an implied request to reopen" as in *Boock v. Shalala,* and it was timely within the meaning of section 416.1488(b) of the regulations.

In summary, the Commissioner's argument that the ALJ's reopening decision was

---

**6.** In *Boock v. Shalala,* the Commissioner reopened the 1986 application but not the 1983 application. The court held that it did not have jurisdiction to review the refusal to reopen the 1983 application. *Id.* at 350–51.

untimely is incorrect. The claimant filed her request for reopening within two years of the initial determination as required by section 416.1488(b). Since there is no dispute that the evidence presented by Roesch in support of reopening was both "new" and "material" under section 416.1489(a)(1) and there is no dispute that Roesch was in fact disabled on March 2, 1993, the decision of the Appeals Council must be reversed.

### B. Start–Date Before March 2, 1993

Roesch claims that both the ALJ and the Appeals Council erred when they failed to award her a start-date for benefits that was earlier than March 2, 1993. Specifically, she argues that the Appeals Council erred when it failed to remand the case for the appointment of a medical advisor to prove the point that she was entitled to an earlier start-date.

I reject these arguments because the court lacks subject matter jurisdiction to review these questions under section 405(g). Moreover, to the extent these arguments are based upon due process grounds under the Constitution and the court has subject matter jurisdiction to review the arguments thus formulated, I find the plaintiff's constitutional rights were not violated.

■ First, the court lacks subject matter jurisdiction under section 405(g) to consider Roesch's arguments for an earlier start-date. In essence, Roesch asks the court to review a refusal to reopen, and we do not have jurisdiction under section 405(g) to do so.

Roesch did not seek review of the ALJ's decision denying her benefits prior to March 2, 1993; that is, Roesch allowed 60 days to expire after the ALJ's adverse decision on that point and the ALJ's decision became final as to that issue. 20 C.F.R. § 416.1466(b) (effect of an administrative law judge's decision). Thus, to avoid the final decision of the ALJ, Roesch was limited to asking for the reopening of the ALJ's decision. I assume for the sake of argument that her lawyer's letter to the Appeals Council of September 25, 1996 was an implicit request to reopen. I further assume that the letter was timely because it was given in response to the Council's August 26, 1996 notice of

reopening which granted Roesch 30 days to respond.

While the Appeals Council reopened to consider the March 2, 1993 start-date issue, it did not purport to reopen to consider the earlier start-date question put to the Council by Roesch. As a consequence, the Council's decision to reopen was limited; that is, it did not include Roesch's request to give her an even earlier start-date. And, when the Appeals Council refused to remand for the appointment of a medical advisor, the Appeals Council essentially declined to reopen the ALJ's decision to consider Roesch's request for an earlier start-date.

■ A federal district court lacks subject matter jurisdiction under section 405(g) to review a decision of the Appeals Council refusing to reopen an otherwise final decision denying benefits. *See, e.g., Califano v. Sanders,* 430 U.S. 99, 107–08, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Boock,* 48 F.3d at 348; *Lewellen v. Sullivan,* 949 F.2d 1015, 1016 (8th Cir.1991). Even when a decision is reopened, the district court's subject matter jurisdiction under section 405(g) is limited "to the extent that [the reopening] addresses the merits." *Boock,* 48 F.3d at 351. Since the Appeals Council did not reopen to consider a start-date earlier than March 2, 1993, and since the Appeals Council refused to reopen to consider that issue, we lack subject matter jurisdiction under section 405(g) to review whether the Appeals Council should have remanded for the appointment of a medical advisor to prove Roesch's claim that she was entitled to an earlier start-date.

Second, Roesch claims that her constitutional rights were violated when the Appeals Council refused to remand for the appointment of a medical advisor so she could prove an earlier start-date. She also argues that this court has subject matter jurisdiction over her constitutional claim. In effect, she claims that her due process rights were violated when the Appeals Council refused to reopen to consider the earlier start-date claim.[7]

---

7. Although raising both due process and equal protection claims, Roesch does not differentiate between them and she assumes that those claims

are the same. I construe Roesch's claim to be a due process claim under the Fifth Amendment.

 This court has subject matter jurisdiction to consider the "narrow exception for colorable constitutional claims." *Boock*, 48 F.3d at 351–52 (citing *Califano*, 430 U.S. at 109, 97 S.Ct. 980.) I find that Roesch, who is disabled because of a mental problem, has stated a colorable constitutional claim of denial of due process of law because it is undisputed that the Commissioner refused to reopen the ALJ's decision denying her a start-date prior to March 2, 1993. *See, e.g.,* Carolyn A. Kubitschek, *Social Security Disability* § 6:53 at 411 & n. 84 ("It has been held that a claimant whose mental disability made it impossible for him to exercise his appeal rights in a timely fashion has a right to reopen the case later, as a matter of due process of law.") (citations omitted).

 Nevertheless, Roesch's claim lacks merit. From the inception of her 1994 application, Roesch was represented by zealous and competent counsel. There is not the slightest evidence that Roesch's disability caused her not to seek to review of the ALJ's 1996 decision. On the contrary, it is apparent that Roesch and her counsel were satisfied with the March 2, 1993 start-date. It was only after the Appeals Council notified Roesch and her counsel of its intent to reopen the March 2, 1993 start-date decision that Roesch expressed a desire to challenge the ALJ's refusal to give her an earlier start-date. Still further, Roesch was given a specific notice from the Appeals Council inviting her to respond to the reopening question, and she and her lawyer took advantage of this invitation.

Under these circumstances, no due process violation occurred when the Appeals Council refused to reopen. *See, e.g., Boock,* 48 F.3d at 352 (where administrative procedures accounted for the possibility that mentally ill claimant would not have understood opportunity to seek review of ALJ's adverse decision, refusal to reopen did not violate due process standards). It must be remembered that "due process does not guarantee a favorable result, only procedures reasonably calculated to afford claimants a meaningful opportunity to be heard." *Id.* at 353 n. 8.

In summary, the court lacks subject matter jurisdiction under section 405(g) to review whether the Appeals Counsel erred in refusing to reopen the ALJ's decision regarding an earlier start-date. While the court has subject matter jurisdiction to consider Roesch's constitutional claim, the Appeals Council did not deny Roesch due process of law when it refused to reopen the ALJ's decision regarding an earlier start-date.

### III. Conclusion

Roesch is entitled to benefits starting March 2, 1993 as the reopening of the 1992 application was timely under the Commissioner's regulations. Under 42 U.S.C. § 405(g), this court lacks subject matter jurisdiction to consider Roesch's challenge to the decision of the Appeals Council refusing to reopen the final ALJ's decision on an earlier start-date. To the extent that she claims her due process rights were violated by the refusal to reopen regarding an earlier start-date, Roesch's claim is without merit. Although mentally disabled, Roesch was represented by counsel and she was given notice and an opportunity to be heard on the matter. Accordingly,

IT IS ORDERED that judgment will be entered substantially as follows:

> Judgment is entered for the plaintiff and against the defendant on her claim that benefits start March 2, 1993. Accordingly, the October 17, 1996 decision of the Appeals Council is reversed and this case is remanded to the Commissioner for the award of benefits starting March 2, 1993. Otherwise, the plaintiff's appeal is denied, and the plaintiff shall take nothing. Costs are taxed to the defendant.