Teresa RUTLEDGE, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.

No. CIV.A. 04–G–0987–J.

United States District Court, N.D. Alabama, Jasper Division.

Aug. 22, 2005.

Pat Nelson, Robinson & Nelson, Jasper, AL, for Plaintiff.

Alice H. Martin, US Attorney, Winfield J. Sinclair, US Attorney's Office, Birmingham, AL, Reginald V. Speegle, Social Security Administration—Office of General Counsel, Atlanta, GA, for Defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

The plaintiff, Teresa Rutledge, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Disability Insurance Benefits (DIB). Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).[1]

### Standard of Review

■ The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, at 1239. Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

### Statutory and Regulatory Framework

In order to qualify for disability benefits and to establish her entitlement for a period of disability, a claimant must be disabled as that term is defined under the Social Security Act and the Regulations promulgated thereunder. The Regulations define *disabled* as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months …." 20 CFR 404.1505(a). For the purposes of establishing entitlement to disability benefits, *physical or mental impairment* is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 20 CFR 404.1508.

■ In determining whether a claimant is disabled, the Regulations outline a five-step sequential process. 20 CFR 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

---

1. In general the legal standards to be applied are the same regardless of whether a claimant seeks Disability Insurance Benefits (DIB), to establish a "Period of Disability," or to recover Supplemental Security Income (SSI). However, different statutes and regulations apply to each type of claim. Many times parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

(3) whether her impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala,* 998 F.2d 473, 477 (7th Cir.1993)(cites to former applicable CFR section); *accord, McDaniel v. Bowen,* 800 F.2d 1026, 1030 (11th Cir.1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope* at 477; *accord, Foote v. Chater,* 67 F.3d 1553, 1559 (11th Cir.1995). The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers. *Id.*

### Findings of the ALJ

In the instant case, the ALJ, Jerry Shirley, determined the plaintiff had not engaged in gainful activity since the alleged onset date of disability and that she suffered from a combination of impairments that are considered severe under the Regulations. Thus, the plaintiff met the first two prongs of the test, but the ALJ concluded the plaintiff did not suffer from a listed impairment nor from an impairment equivalent to a listed impairment. The ALJ further found the plaintiff's allegations regarding her limitations not to be totally credible. The ALJ ultimately found the Plaintiff not to be disabled and able to perform her past relevant work which is classified as light work.

### Factual and Procedural Background

Ms. Rutledge was forty-five years old at the time of the first administrative hearing. She has a ninth grade education and has earned a high school equivalency certificate and a nursing assistant certificate. Her past relevant work experience is as a vending machine operator, home health care worker, and laundry room attendant. She claims disability because of fibromyalgia, panic attacks, chronic fatigue syndrome, chronic obstructive pulmonary disease (COPD), ruptured discs in her neck, a heart murmur, chronic pain, and depression with an onset date of February 18, 1998.[2]

Benefits were denied by the Social Security Administration initially and upon reconsideration. On February 13, 2004, after an administrative hearing, ALJ Jerry Shirley denied benefits as well. Ms. Rutledge requested a review of the ALJ's decision by the Appeals Council. The Appeals Council denied this request on February 13, 2004. The ALJ's decision thus became the Commissioner's final decision on that date.

### Findings and Holding of the Court

The ALJ's decision in this case is an example of dogged determination to deny benefits when no substantial evidence exists to support that ruling. The undisputed evidence of this claimant's fibromyalgia and its attendant pain alone are substantial evidence of her disability under the Regulations.

▮ In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Foote,* 67 F.3d at 1560.

---

**2.** Original onset date claimed was February 18, 1998, but the plaintiff amended that date

in her testimony at the administrative hearing on December 17, 2003.

The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Id.* (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.1991)). Medical evidence of pain itself, or of its intensity, is not required.

While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, ***neither requires objective proof of the pain itself.*** Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a* ***claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself.*** *See* 20 CFR §§ 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007] at 1011.

*Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1215 (11th Cir.1991). Furthermore, "[s]ubjective pain testimony that is supported by objective medical evidence of a condition that can reasonably be expected to produce the symptoms of which the complainant complains is *itself* sufficient to sustain a finding of disability" (emphasis in original). *Hale v. Bowen*, 831 F.2d 1007, 1011 (1987); *accord, Foote*, 67 F.3d at 1561. Therefore, a claimant who testifies to disabling pain and satisfies the three part pain standard must be found disabled unless that testimony is properly discredited.

■ When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision. In this circuit if the Commissioner fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Commissioner, as a matter of law, has accepted that testimony as true. Further, these reasons may not be bare, facile, or cavalier. His reasons must be articulated adequately and *explicitly*. *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir.1987). They must be supported by substantial evidence or the testimony must be accepted as true. *Id.* at 1012.

■ In the present case, the ALJ found Ms. Rutledge's allegations of pain to be not wholly credible. He based this finding on what he termed Ms. Rutledge's daily living activities and on his finding that there were inconsistencies between Dr. Steve Johnson's deposition testimony and his treatment notes. The ALJ erred in discrediting the plaintiff's testimony because neither reason is supported by substantial evidence of record.

The activities that the ALJ cited as daily living activities were a trip to the beach, the Galleria, and Walmart. R. 20. According to undisputed testimony, the plaintiff stays in the couple's mobile home when at the beach, not venturing out except to go to Walmart for groceries with the help of her husband. R. 329, 331. Her daughter and husband also do the shopping, instead of the plaintiff, when she is unable to participate at all. R. 75. She went to the Galleria to Christmas shop. The ALJ also notes that the plaintiff is able to self care. Her husband's undisputed statement is that she sometimes does not dress for several days at a time. R. 71. The plaintiff's undisputed testimony is that her self care is deteriorating due to her conditions. R. 330. No consideration of these facts is reflected in the ALJ's opinion.

█ Evidence of minor personal activities do not alone provide substantial evidence of the functional capacity necessary to engage in substantial gainful activity nor does it discredit a plaintiff's testimony regarding pain. *Kelley v. Callahan,* 133 F.3d 583, 589 (8th Cir.1998); *Hogg v. Shalala,* 45 F.3d 276, 278 (8th Cir.1995). The court finds that the ALJ has not articulated reasons based on substantial evidence for discrediting the plaintiff's testimony regarding pain.

The court recognizes that fibromyalgia presents unique problems in the context of Social Security cases. *See, Sarchet v. Chater,* 78 F.3d 305 (7th Cir.1996). In *Sarchet,* Chief Judge Posner examined fibromyalgia in detail saying:

[F]ibromyalgia, also known as fibrositis—a common, but elusive and mysterious, disease, much like chronic fatigue syndrome, with which it shares a number of features. *See* Frederick Wolfe et al., "The American College of Rheumatology 1990 Criteria for the Classification of Fibromyalgia: Report of the Multicenter Criteria Committee," 33 *Arthritis & Rheumatism* 160 (1990); Lawrence M. Tierney, Jr., Stephen J. McPhee & Maxine A. Papadakis, *Current Medical Diagnosis & Treatment 1995,* 708–09 (1995). Its cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are "pain all over," fatigue, disturbed sleep, stiffness, and—the only symptom that discriminates between it and other diseases of a rheumatic character—multiple tender spots, more precisely 18 fixed locations on the body (and the rule of thumb is that the patient must have at least 11 of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient to flinch. All these symptoms are easy to fake, although few applicants for disability benefits may yet be aware of the specific locations that if palpated will cause the patient who really has fibromyalgia to flinch.... Some people may have such a severe case of fibromyalgia as to be totally disabled from working, Michael Doherty & Adrian Jones, "Fibromyalgia Syndrome (ABC of Rheumatology)," 310 *British Med.J.* 386 (1995); *Preston v. Secretary of Health & Human Services,* 854 F.2d 815, 818 (6th Cir.1988)(per curiam), but most do not and the question is whether [the plaintiff] is one of the minority.

*Sarchet v. Chater,* 78 F.3d at 306–307. Other courts have also recognized that fibromyalgia can be disabling. The Eight Circuit has found that "[f]ibromyalgia, which is pain in the fibrous connective tissue components of muscles, tendons, ligaments, and other white connective tissues, can be disabling." *Kelley v. Callahan,* 133 F.3d 583, 589 (8th Cir.1998).

In spite of its elusive nature, the presence of fibromyalgia can be objectively verified in some cases. As noted in *Sarchet,* identifiable tender areas or "trigger points" are well defined and cause pain upon palpation. Objective, clinical support for a diagnosis of fibromyalgia may also be present if injections of pain medication to the trigger points are prescribed. *Kelley,* at 589. Fibromyalgia, if diagnosed according to existing accepted clinical standards, can satisfy the requirement of an objectively determined medical condition that can give rise to pain that meets the standard required for a finding of disability. *Kelley v. Callahan,* 133 F.3d 583, 589 (8th Cir.1998); *Sarchet v. Chater,* 78 F.3d 305 (7th Cir.1996).

█ In the case at bar, the court finds that the diagnosis of fibromyalgia is not disputed. Dr. Johnson's opinion is that Ms. Rutledge's major debilitating condition

is intractable, chronic pain from fibromyalgia. R. 281–82, 290. In examining the Record, the court did not find inconsistencies between Dr. Johnson's deposition testimony and his treatment notes nor did ALJ Shirley cite *any* specific inconsistencies. Dr. Johnson has been Ms. Rutledge's primary treating physician since 2001, and Ms. Rutledge has been a patient in Dr. Johnson's clinic since 1985. In his deposition, Dr. Johnson testified under oath that Ms. Rutledge suffered debilitating pain from fibromyalgia, that he diagnosed her fibromyalgia according to accepted clinical standards and longitudinal observation, and that he deviated from his usual practice by prescribing the potent narcotic Oxycotin to her to afford her some measure of relief from her chronic, intense pain. R. 272–296. Further, Dr. Evan Zeiger, a nationally-known neurosurgeon, prescribed trigger point injections for Ms. Rutledge on two occasions. R. 86, 98. All of this medical evidence is uncontroverted.

 A basic tenet of law in the area Social Security is that "[t]he testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir.1986); *accord, Elam v. Railroad Retirement Bd.,* 921 F.2d 1210, 1216 (11th Cir.1991). In addition, the Commissioner "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight . . . ." *MacGregor,* 786 F.2d at 1053. If the Commissioner ignores or fails to properly refute a treating physician's testimony, as a matter of law that testimony must be accepted as true. *Id.; Elam,* 921 F.2d at 1216. The Commissioner's reasons for refusing to credit a claimant's treating physician must be supported by substantial evidence. *See, MacGregor,* 786 F.2d at 1054; *see also, Hale v. Bowen,* 831 F.2d 1007, 1012 (11th Cir.1987)(articulation of reasons for not crediting a claimant's subjective pain testimony must be supported by substantial evidence). No such substantial evidence exists in this Record.[3]

The ALJ erred in his failure to either give substantial or considerable weight to the opinion of the treating physician or to show good cause for not doing so. *See, MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir.1986); *accord, Elam v. Railroad Retirement Bd.,* 921 F.2d 1210, 1216 (11th Cir.1991).

According to Dr. Johnson's uncontroverted testimony, Ms. Rutledge has an underlying medical condition, fibromyalgia, diagnosed by currently accepted clinical methodology and of such a severity that it can be reasonably expected to give rise to the alleged pain. She has further undergone trigger point injections which is considered diagnostic proof of disease presence. *See, Kelley v. Callahan,* 133 F.3d 583, 589 (8th Cir.1998). She has thus met the standard for disabling pain under the law. *See, Foote v. Chater,* 67 F.3d 1553, 1561 (11th Cir.1995).

Accordingly, the decision of the Commissioner will be reversed and the case remanded for the award for benefits as sought. An Order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

### FINAL ORDER

In conformity with and pursuant to the memorandum opinion entered contemporaneously herewith, the court

---

**3.** The evidence most supportive of the ALJ's decision is that of the government's consultative physician, Dr. Samia Moizuddin, who saw the plaintiff once for approximately fifteen minutes. R. 328. Dr. Moizuddin nevertheless found that the plaintiff did have fibromyalgia, as well as generalized anxiety disorder, major depressive disorder, mitral valve prolapse, and COPD.

**1064**

ORDERS, ADJUDGES and DECREES that the decision of the Commissioner of the Social Security Administration is hereby REVERSED, and the case is REMANDED to the Commissioner with instructions that the plaintiff be awarded the benefits claimed. The court

FURTHER ORDERS that the Commissioner withhold from payments that are determined to be due the plaintiff under this order an amount not to exceed 25 percent of the total amount of disability benefits to which the plaintiff is entitled, pursuant to the provisions of 42 U.S.C. § 406(b). The Commissioner is directed to advise the court of the amount withheld so that the matter may be set for final determination of the amount of attorney's fee to be allowed plaintiff's counsel for services rendered in representing plaintiff in this cause.

It is further ORDERED pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, that plaintiff's attorney is hereby granted an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. *This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*